SHIRLEY T. HARRIS v. W. F. MAREADY, WILLIAM H. PETREE, C. ROGER
HARRIS, AND PETREE, STOCKTON, ROBINSON, VAUGHN, GLAZE AND
MAREADY

No. 8621SC620

(Filed 17 March 1987)

Attorneys at Law § 5— representation of client's interest—summary judgment for
defendant attorneys proper

In an action to recover damages allegedly sustained by plaintiff because of
defendants' handling of legal matters pertaining to her divorce and property
settlement, the trial court properly entered summary judgment for defendants
where plaintiff's allegations of damages and affidavits with statements to the
effect that but for defendants' conduct she would have received a "property
settlement" and a larger alimony award were at best speculative; and there
was nothing in the record on appeal to substantiate the bare allegation in
plaintiff's complaint that defendant lawyer entered into an oral contract with
plaintiff to pursue litigation against her former husband for his fraudulent
misconduct in forging her signature on deeds.

APPEAL by plaintiff from *Lamm, Judge*. Judgment entered 16
January 1986 in Superior Court, FORSYTH County. Heard in the
Court of Appeals 9 December 1986.

This is a civil action instituted 26 January 1982 by plaintiff,
Shirley T. Harris, against four named defendants: (1) W. F. Ma-
ready, (2) William H. Petree, (3) C. Roger Harris, and (4) the law
firm of "Petree, Stockton, Robinson, Vaughn, Glaze and Maready,
P.A." Plaintiff, being a former client, sued the law firm of Petree,
Stockton, Robinson, Vaughn, Glaze and Maready, along with the
individual defendants, W. F. Maready and William H. Petree, for
professional malpractice. From July 1976 to January 1979, the law
firm, principally through W. F. Maready, represented Shirley
Harris in domestic matters against defendant, Roger Harris, her
former husband. Because defendant William H. Petree, a partner
in the law firm, and defendant Roger Harris were involved in
some independent business enterprises, a conflict of interest
allegedly existed between the law firm and its representation of
plaintiff.

Plaintiff's complaint, which constitutes nineteen (19) pages of
the record on appeal, designates nine (9) "COUNTS" by which she
alleges defendants' liability, to wit: (1) negligence, (2) breach of
contract, (3) improper conduct, (4) fraud and misrepresentation, (5)

interference with contract, (6) civil conspiracy, (7) respondeat superior, (8) damages—sealed instruments, and (9) constructive trust.

Plaintiff, in her complaint, alleged the following:

7. This is an action to recover damages:

a. From Maready, Petree, and the Petree Stockton Law firm for malpractice based on negligence, breach of contract, improper conduct due to conflict of interests and fraudulent misrepresentation in the legal representation of plaintiff both in domestic claims and in claims against C. R. Harris for forging or causing the forgery of plaintiff's signature on various deeds and other instruments.

b. From Petree, Harris and the Petree, Stockton law firm for interfering with plaintiff's contract with Maready for legal representation and for civil conspiracy to induce Maready to withdraw from representing plaintiff.

c. From C. R. Harris for forging Plaintiff's signature on various deeds and to impose a constructive trust on funds derived from the sale of properties by means of deeds containing Plaintiff's forged signature.

The amount in controversy . . . exceeds $5,000.00.

The section of plaintiff's complaint entitled "FACTUAL Allegations" contains the following alleged factual basis representative of plaintiff's claims for damages:

29. As a direct and proximate result of the conduct of the Defendants, Plaintiff has been injured in the following respects:

a. Plaintiff lost a long-term professional relationship and has been forced to hire numerous other attorneys in an effort to pursue the claims Maready and the Petree, Stockton law firm agreed to pursue but failed to pursue.

b. Plaintiff lost a significant litigation advantage in that her claims against C. R. Harris for the forged signatures were not pursued in a timely fashion.

c. Plaintiff received no compensation for interest in property prior to her divorce at a time when she was entitled to be compensated for such interest.

d. Plaintiff has expended additional sums for attorney's fees in order for newly hired lawyers to familiarize themselves with her claims.

e. Plaintiff received a lesser alimony award than she was otherwise entitled to receive by reason of the conduct of defendant C. R. Harris.

f. Plaintiff has incurred physical and emotional pain, suffering, worry, discomfort, humiliation, embarrassment, loss of assets and property.

Plaintiff alleged in paragraph 77 of her complaint that her damages may exceed five million dollars and in paragraph 78 she requested no less than five million dollars in punitive damages.

After process was served, defendants Maready, Petree, and the law firm made a special appearance on 1 March 1982, and filed a motion to dismiss. The trial court dismissed the summons and complaint against defendant law firm upon the grounds of lack of jurisdiction over the person, insufficiency of process and insufficiency of service of process. The trial court dismissed the summons and complaint against defendant Maready for insufficiency of process and insufficiency of service of process. The trial court denied plaintiff's oral motion to amend her complaint to delete the "P.A." from the name of defendant law firm. Also denied was defendants' motion to dismiss for plaintiff's violation of Rule 8(a)(2), N.C. Rules Civ. P.

On plaintiff's appeal this Court affirmed the trial court's dismissal of the complaint and summonses against defendants for lack of jurisdiction, insufficiency of process, and insufficiency of service of process. However, this Court reversed the trial court's denial of defendants' motion to dismiss the complaint and summonses for violation of Rule 8(a)(2), N.C. Rules Civ. P. *Harris v. Maready*, 64 N.C. App. 1, 306 S.E. 2d 799 (1983). The North Carolina Supreme Court granted plaintiff's petition for certiorari and held (1) that the summonses and the complaint against defendants were improperly dismissed, and (2) that the trial court properly denied defendants' motion to dismiss for violation of Rule 8(a)(2), N.C. Rules Civ. P. *Harris v. Maready*, 311 N.C. 536, 552, 319 S.E. 2d 91 (1984) (For additional statements of the early procedural history of this case, *see id. See also Maready, supra*, 64 N.C. App.

1, 306 S.E. 2d 799 (1983) ). The Supreme Court remanded the case to superior court for an exercise of its discretion on the issue of whether to allow an amendment of the summons directed to the law firm.

On 15 November 1985 defendants filed a motion for summary judgment. On 23 December 1985 plaintiff, pursuant to Rule 41(a)(1), N.C. Rules Civ. P., took a voluntary dismissal of all claims in this action against C. Roger Harris ("counts" eight and nine were alleged exclusively against C. Roger Harris). Defendants' motion was calendared to be heard by the trial court on 13 January 1986.

On 13 January 1986, prior to a hearing on defendants' summary judgment motion, plaintiff, pursuant to Rule 41, N.C. Rules Civ. P., took a voluntary dismissal as to counts Three (3), Five (5), Six (6), Eight (8), and Nine (9) of her complaint. The trial court conducted hearings in this matter from 13 January 1986 to 15 January 1986. In an order, filed 16 January 1986, the trial court granted defendants a summary judgment as follows:

*Summary Judgment* (Filed January 16, 1986)

THIS CAUSE coming on to be heard and being heard, at the January 13, 1986, Non-Jury Civil Session of the General Court of Justice, Superior Court Division of Forsyth County, North Carolina, before the Honorable Charles C. Lamm, Jr., Judge Presiding, upon the motion of defendants W. F. Maready, William H. Petree, and Petree, Stockton, Robinson, Vaughn, Glaze & Maready for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure, and the Court having on January 13, 14, and 15, 1986, carefully considered the pleadings, affidavits, depositions of Shirley T. Harris, W. F. Maready, William H. Petree, and C. Roger Harris, and other documents in the record of this action, and also the court file and Record on Appeal in the alimony action entitled 'Shirley T. Harris vs. C. Roger Harris,' 77CVD1765, and the court file in the divorce action entitled, 'C. Roger Harris vs. Shirley T. Harris,' 77CVD3522, which court files and Record on Appeal were offered into the record at the hearing by consent of the parties, and the Court having considered the briefs and heard oral arguments of counsel for

the parties; and the Court having determined at the conclusion of said hearing that there is no genuine issue as to any material fact and that said defendants are entitled to summary judgment in their favor as a matter of law as to all remaining claims of plaintiff;

(Exceptions omitted.)

Plaintiff appeals from the summary judgment in favor of defendants.

*James, McElroy & Diehl, P.A., by William K. Diehl, Jr., for plaintiff appellant.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, by Hubert Humphrey and Jill R. Wilson, for defendant appellees.*

JOHNSON, Judge.

We must determine if the trial court properly granted summary judgment on the counts which plaintiff has not voluntarily dismissed, to wit: (1) Count I negligence, (2) Count II breach of contract, (3) Count IV fraud and misrepresentation, (4) Count VII respondeat superior. The dispositive issue that we must decide is whether plaintiff's forecast of evidence presented a material issue of fact with respect to damages she would not have incurred but for defendants' conduct. If so, defendants were not entitled to summary judgment. We hold that there is no triable material issue of fact regarding plaintiff's allegations that she has suffered damages as a proximate result of defendants' conduct. Accordingly, we affirm the summary judgment entered by the trial court in favor of defendants.

Rule 56, N.C. Rules Civ. P. states, *inter alia*, the following:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

"The rules governing summary judgment motions are now familiar and need not be repeated here." *Rorrer v. Cooke*, 313 N.C. 338, 340, 329 S.E. 2d 355, 358 (1985) (summary judgment was appropriate in an attorney malpractice action where affidavits

presented by plaintiff in response to defendant's motion for summary judgment failed to forecast evidence that would show that defendant's alleged negligence was a proximate cause of the loss of her medical malpractice suit in that they failed to establish that if the attorney had done anything differently plaintiff would have been successful in a medical malpractice action).

Although plaintiff's complaint sets forth several causes of action there is one requisite element that is common to each cause of action that plaintiff alleges in her complaint, to wit: damages. Plaintiff's allegations of damages and affidavits with statements to the effect that but for defendants' conduct she would have received a "property settlement" and a larger alimony award, at best, are speculative.

The record on appeal in the case *sub judice* reveals that in the alimony action against her husband, plaintiff, represented by defendant Maready, submitted an affidavit stating her monthly needs as $4,563.15. However, the evidence, which was not substantially in dispute, established that for several years Mr. Harris had provided plaintiff with approximately $2,000.00 per month for her personal expenses (this amount was taken from Mr. Harris' after-tax income).

The trial court ordered Mr. Harris to pay $3,000.00 per month as an alimony award (77CVD1765). Mr. Harris appealed from that order to this Court. In an unpublished opinion this Court upheld the trial court's award of alimony. This Court noted, as the record on appeal in the case *sub judice* bears out, that the trial court followed the requirements of G.S. 50-16.5 in determining the amount of alimony *to meet the needs of plaintiff*. Defendant Maready, in his deposition, which was uncontradicted by plaintiff, states that this $3,000.00 per month alimony award was the largest alimony award ordered by a Forsyth County judge and successfully defended on appeal.

We have *thoroughly* reviewed the record on appeal and as the trial court concluded, there is no material issue of fact upon which to base a denial of defendants' motion for summary judgment. The forecast of evidence that was before the trial court did not reveal any way in which defendant Maready's conduct in the representation of Ms. Harris proximately caused any damages which plaintiff alleged.

Defendant Maready, in his representation of plaintiff, relied upon and presented to the trial court the most reliable and accurate information pertaining to C. R. Harris' financial status, to wit: supporting documentation of C. R. Harris' financial status and income which was tendered by C. R. Harris to lending institutions, and C. R. Harris' income tax returns. There is no question that defendant Maready successfully apprised the trial court that C. R. Harris was a man of considerable wealth. The financial statement Mr. Harris had filed with a bank showed net assets of over $2,750,000.00 and a net worth of $2,500,000.00. The income tax statement defendant Maready relied upon revealed Mr. Harris' gross income to be $125,000.00. In this regard we find no basis for any assertions that the law firm in any way is liable to her for damages or affected defendant Maready's representation of plaintiff such that she was deprived of a larger alimony award.

Plaintiff contends that defendant Maready breached a duty to her and breached an "oral contract" with her by not instituting separate lawsuits against C. R. Harris for alleged forgeries of her name on deeds in which she merely held a marital interest, and that she lost a "litigation advantage" and possible causes of action against her former husband because defendant Maready did not institute separate lawsuits against C. R. Harris prior to her divorce. We find that there is no merit to plaintiff's argument and that summary judgment was proper.

Plaintiff's complaint alleges that defendant Maready breached an "oral contract" with her as follows:

SECOND COUNT (BREACH OF CONTRACT)

. . . .

40. In July, 1976, Maready entered into an oral contract with Plaintiff whereby in consideration for Plaintiff's payment of legal fees, Maready agreed to perform professional legal services for her, including the pursuit of litigation against C. R. Harris for his fraudulent misconduct in forging signatures on deeds to property.

41. Plaintiff has, at all times, performed all the agreements in the contract to be performed on her part. At the time and manner specified.

42. Maready refused to perform the conditions of the contract on his part as hereinbefore alleged and *as a result, Plaintiff has been damaged.*

43. Maready abandoned the contract and refused to render professional services without reasonable cause.

44. Plaintiff discovered Defendant['s] breach of contract on or about January 18, 1979.

(Emphasis supplied.)

In her breach of contract claim plaintiff merely makes a generalized assertion that she has been "damaged." We find nothing in the forecast of evidence that would justify a jury determination of plaintiff's breach of contract claim. In the record on appeal there is nothing in the forecast of evidence to indicate that defendant Maready filed any action on plaintiff's behalf against C. R. Harris for the alleged forged deeds or that he agreed to do so. We have found nothing in the record on appeal to substantiate the bare allegation in plaintiff's complaint that defendant Maready entered into an "oral contract" with plaintiff to pursue "litigation against C. R. Harris for his fraudulent misconduct in forging signatures on deeds to property." Plaintiff, in her brief, states the following: "Mrs. Harris testified that Maready told her the forged instruments would not be used in the alimony claim but would be there 'when we need them.' (S. Harris Dep. I, 190)." Plaintiff also asserts that defendant Maready told her the deeds were "on the back burner." However, we find nothing in the record on appeal that constitutes a sufficient forecast of evidence from which a jury could determine that defendant Maready agreed to represent plaintiff in separate lawsuits against C. R. Harris for his alleged forgeries. Moreover, there is nothing in the forecast of evidence to show that any legal fees paid by plaintiff were at all connected with any alleged agreement by defendant to institute lawsuits against C. R. Harris for his "fraudulent misconduct in forging signatures on deeds to property."

Assuming arguendo that defendant Maready did orally agree to represent plaintiff in separate actions against C. R. Harris, there is no merit to plaintiff's argument that the trial court erred in granting defendants' motion for summary judgment. This Court has held that an attorney-client relationship may be terminated as follows:

As between the attorney and his client, the relationship may in good faith, be dissolved at any time, but the attorney may not be released from litigation in which he appears for the client without first satisfying the court that his withdrawal therefrom is justified, and whether he is justified will depend on the circumstances of that particular situation.

*High Point Bank & Trust Co. v. Morgan-Schultheiss Inc.,* 33 N.C. App. 406, 414, 235 S.E. 2d 693, 698-699, *cert. den.,* 293 N.C. 258, 237 S.E. 2d 535, *cert. den.,* 439 U.S. 958, 58 L.Ed. 2d 350, 99 S.Ct. 361 (1977). The forecast of evidence in the instant case reveals that defendant Maready never appeared in court or filed any pleadings on behalf of plaintiff in reference to the alleged forged deeds.

The forecast of evidence presented to the trial court shows that based upon her needs the trial court properly awarded her $3,000.00 per month as alimony. An attorney does not breach a duty to a client by declining to institute a lawsuit that in his or her professional judgment would be fruitless or that he or she considers to be an abuse of process. Moreover, the record on appeal bears out defendants' assertion that defendant Maready protected plaintiff's rights when he assisted plaintiff in her efforts to retain a new lawyer. Defendant Maready turned over all relevant files to plaintiff's newly retained counsel at least a year before the statutes of limitations had run on any of the claims plaintiff sought to have litigated.

For the aforementioned reasons the judgment is

Affirmed.

Chief Judge HEDRICK and Judge GREENE concur.