DORA KATHERN S. HALL v. WAYNE EUGENE HALL

No. 8312DC33

(Filed 3 January 1984)

**Appearance § 1.1; Divorce and Alimony § 1— jurisdiction—leave to withdraw motion challenging court's jurisdiction—filing new motions to set aside the order of alimony—general appearance**

    By moving for leave to withdraw a motion challenging the court's jurisdiction over his person, defendant removed the preventive effect of that motion against the normal waiver effect of appearance for other purposes, and by then seeking leave to file a new motion to set aside the order for alimony *pendente lite* and child support, and receiving leave to file further motions as he saw fit, defendant requested and received "some relief in the cause." He thus became an actor in the cause, thereby submitting his person to the jurisdiction of the court. This general appearance obviated the necessity of service of summons.

APPEAL by defendant from *Hair, Judge.* Order entered 18 August 1982 in District Court, CUMBERLAND County. Heard in the Court of Appeals 2 December 1983.

*Harris, Sweeny & Mitchell, by Ronnie M. Mitchell, and Blackwell, Thompson, Swaringen, Johnson & Thompson, P.A., by John V. Blackwell, Jr., for plaintiff appellee.*

*Reid, Lewis & Deese, by Marland C. Reid and Renny W. Deese, for defendant appellant.*

WHICHARD, Judge.

I.

The issue is whether defendant, who was not served with summons, made a general appearance which entitled the court to exercise jurisdiction over him. We answer in the affirmative, and thus affirm the trial court.

II.

The following facts are not disputed:

Plaintiff-wife and defendant-husband separated while living in Okinawa. Plaintiff and the minor child born of the marriage moved to Fayetteville, North Carolina, where plaintiff purchased a home in her name and defendant's. Defendant has not been a

legal resident of North Carolina since 1964. He has been a legal resident of Florida since 1972.

Plaintiff commenced this action against defendant seeking alimony, custody, and child support. Her attorney filed an affidavit averring that defendant had been served by certified mail with summons which was in fact received by one E. C. Hall, a person of suitable age and discretion who resides at defendant's dwelling house or usual place of abode.

Counsel for defendant thereafter moved that the action be dismissed for want of personal jurisdiction. The motion alleged that the attempted service had been received by defendant's father; that defendant was not a party who, when service of process was made, was present within the state; that he was not a party who, when service of process was made, was a natural person domiciled within the state; and that this is not an action which arises out of a marital relationship within this state.

The trial court entered findings and conclusions, awarded custody to plaintiff, and ordered defendant to pay alimony *pendente lite* and child support. In a subsequent order, from which this appeal was taken, it found as a fact, to which defendant has not excepted, that the following occurred thereafter:

> [O]n February 10, 1982, Defendant filed a Motion to dismiss the action of the Plaintiff for lack of jurisdiction over the person of the Defendant and for insufficient service of process; that said Motion came on for hearing before this Court on June 1, 1982, wherein the Defendant moved the Court for leave to withdraw his Motion to dismiss for lack of jurisdiction and insufficiency of process to enable him to file a new Motion to set aside the Plaintiff's order and Defendant was granted leave to file further Motions as he saw fit; that on June 25, 1982, Defendant filed the present Motion to dismiss said action for lack of jurisdiction over the Defendant and to set aside the Order entered by this Court on January 13, 1982, but filed on April 26, 1982.

It concluded "[t]hat Defendant's appearance through counsel on June 1, 1982, requesting a withdrawal of his Motion to Dismiss for lack of jurisdiction and insufficiency of process, and obtaining leave to file further Motion is a general appearance within the

meaning of G.S. 1-75.7(1), justifying the assumption of personum [sic] jurisdiction by this Court." It thereupon set aside its prior order, dismissed defendant's motion to dismiss, granted defendant thirty days to file further pleadings, and retained the cause for further orders.

From this order, defendant appeals.

### III.

Because the order rules adversely to defendant as to the jurisdiction of the court over his person, he has the right of immediate appeal. G.S. 1-277(b).

### IV.

Because defendant did not except to the above quoted finding regarding his 1 June 1982 appearance, it is presumed to be supported by competent evidence and is binding on appeal. *Anderson Chevrolet/Olds v. Higgins,* 57 N.C. App. 650, 653, 292 S.E. 2d 159, 161 (1982). The question is whether it sustains the court's conclusion that defendant has made a general appearance in the action.

"[A] general appearance will waive the right to challenge personal jurisdiction only when it is made prior to the proper filing of a Rule 12(b)(2) motion contesting jurisdiction over the person." *Lynch v. Lynch,* 302 N.C. 189, 197, 274 S.E. 2d 212, 219, *modified and affirmed,* 303 N.C. 367, 279 S.E. 2d 840 (1981). Defendant's initial action was the filing of a motion which, *inter alia,* sought dismissal pursuant to Rule 12(b)(2) for lack of jurisdiction over his person. Nothing else appearing, then, a subsequent general appearance would not have waived his right to challenge personal jurisdiction.

The above finding establishes, however, that while this motion was pending defendant moved for leave to withdraw it. He further sought leave to file a new motion to set aside plaintiff's order, and he was granted leave to file further motions as he saw fit.

"A court of this State having jurisdiction of the subject matter may, without serving a summons upon him, exercise jurisdiction in an action over a person: (1) Who makes a general appearance in an action . . . ." G.S. 1-75.7. The concept of a

general appearance should be given a liberal construction. *Alexiou v. O.R.I.P., Ltd.*, 36 N.C. App. 246, 248, 243 S.E. 2d 412, 414, *disc. rev. denied*, 295 N.C. 465, 246 S.E. 2d 215 (1978). "[A] general appearance is one whereby the defendant submits his person to the jurisdiction of the court by invoking the judgment of the court in any manner on any question other than that of the jurisdiction of the court over his person." *Swenson v. Thibaut*, 39 N.C. App. 77, 89, 250 S.E. 2d 279, 287-88 (1978) (quoting *In re Blalock*, 233 N.C. 493, 504, 64 S.E. 2d 848, 856 (1951)), *disc. rev. denied and appeal dismissed*, 296 N.C. 740, 254 S.E. 2d 183 (1979). Defendant must have asked for or received some relief in the cause or participated in some step taken therein. The test is whether he became an actor in the cause. *Williams v. Williams*, 46 N.C. App. 787, 789, 266 S.E. 2d 25, 27 (1980).

By moving for leave to withdraw his motion challenging the court's jurisdiction over his person, defendant removed the preventive effect of that motion against the normal waiver effect of appearance for other purposes. *See Lynch v. Lynch, supra.* By then seeking leave to file a new motion to set aside the order for alimony *pendente lite* and child support, and receiving leave to file further motions as he saw fit, defendant requested and received "some relief in the cause." He thus became an actor in the cause, thereby submitting his person to the jurisdiction of the court. This general appearance obviated the necessity of service of summons. *Simms v. Stores, Inc.*, 285 N.C. 145, 157, 203 S.E. 2d 769, 777 (1974); *Blalock, supra*, 233 N.C. at 504, 64 S.E. 2d at 856.

For the foregoing reasons, the order is

Affirmed.

Judges WEBB and WELLS concur.