ROBIN JOYCE HELMS, Plaintiff
v.
DONALD RAY HELMS, Defendant
No. COA05-1346
North Carolina Court of Appeals
Filed August 15, 2006
This case not for publication
Pender County No. 04 CVD 396.
Lea, Rhine, Rosbrugh & Chleborowicz, by Lori W. Rosbrugh, for plaintiff-appellee.
Lanier & Fountain, by John W. Ceruzzi, for defendant-appellant.
HUNTER, Judge.
Donald Ray Helms ("defendant") appeals from a final order, entered 23 February 2005 nunc pro tunc 6 January 2005, awarding Robin Joyce Helms ("plaintiff") alimony and equitably distributing the marital assets in plaintiff's action for post-separation support, alimony, equitable distribution, and attorney fees. For the reasons stated herein, we reverse the order of the trial court and remand for further findings as to the award of alimony and distribution of defendant's retirement account. The trial court made findings that the parties were married on 27 June 1981 and lived together as husband and wife for twenty-two years. Plaintiff discovered that defendant was engaged in an adulterous relationship that began three years prior to the separation of the parties, despite defendant's previous denials of an affair. The parties separated on 30 June 2003 when plaintiff moved out of the marital home.
During the course of the marriage, plaintiff worked as a dental assistant, earning $2,600.00 per month. Approximately one month after separation, plaintiff lost her job due to a downsizing at her place of employment. At the time of trial, plaintiff worked as a secretary earning a monthly income of $1,256.00, and also had a second job as a waitress, earning an additional average income of $152.00 per month. Plaintiff was restricted in search for reemployment as a dental assistant due to the development, documented by her treating physician, of carpal tunnel syndrome in both of her wrists. Plaintiff testified that her necessary monthly average living expenses were $2,035.00.
Defendant retired from the North Carolina State Highway Patrol after twenty-six and one-half years of service. At the time of the parties' separation in June 2003, defendant received a monthly retirement check for $1,670.91. Defendant also received a monthly check for $837.46 from the North Carolina Department of Crime Control and Public Safety in recognition of his more than twenty years of service in law enforcement. Defendant was also employed part-time, earning $831.04 monthly. In an order entered 23 February 2005, the trial court found that plaintiff was a dependant spouse and defendant was a supporting spouse, and that defendant had engaged in adultery during the course of the marriage. The trial court ordered defendant to pay plaintiff $350.00 monthly for post-separation support until the sale of the marital residence, at which time defendant was ordered to begin paying plaintiff 41.5 percent of his monthly retirement checks. The trial court also ordered that plaintiff's share of $55,199.68 plus interest of defendant's retirement account be transferred into her separate account. Defendant appeals from this order.

I.
Defendant first contends that the trial court committed error by declaring plaintiff a dependent spouse and defendant a supporting spouse. We agree.
N.C. Gen. Stat. § 50-16.3A(a) (2005), governing awards of alimony, directs in part that:
The court shall award alimony to the dependent spouse upon a finding that one spouse is a dependent spouse, that the other spouse is a supporting spouse, and that an award of alimony is equitable after considering all relevant factors, including those set out in subsection (b) of this section.
Id. N.C. Gen. Stat. § 50-16.1A(2) (2005) defines a dependant spouse as "a spouse, whether husband or wife, who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse." Id. A supporting spouse is defined by N.C. Gen. Stat. § 50-16.1A(5) as "a spouse, whether husband or wife, upon whom the other spouse is actually substantially dependent for maintenance and support or from whom such spouse is substantially in need of maintenance and support." Id.
The standard of review for a trial court's finding that a party is entitled to alimony is de novo. Barrett v. Barrett, 140 N.C. App. 369, 371, 536 S.E.2d 642, 644 (2000). In determining whether a spouse is dependant, our Supreme Court has established several factors for consideration: (1) the parties' accustomed standard of living prior to the separation, (2) the parties' respective income and expenses at the time of trial, (3) the respective value of the spouses' estates, if any, at the time of the hearing, and (4) the length of the marriage and each party's contribution to the family's financial status over the course of the marriage. Williams v. Williams, 299 N.C. 174, 183-85, 261 S.E.2d 849, 856-57 (1980). "Because the determination of dependency requires application of legal principles, it is a conclusion of law, and the trial court must base this determination on 'findings of fact sufficiently specific to indicate that the court considered the factors set out in Williams.'" Hunt v. Hunt, 112 N.C. App. 722, 726, 436 S.E.2d 856, 859 (1993) (citations omitted). A failure to make findings regarding the accustomed standard of living of the parties prior to the separation, the expenses of each party at the time of the trial, the value of each party's estate at the time of the hearing, or of the contribution each party made to the financial status of the family during the course of the marriage[] indicates that the trial court has failed to consider the Williams factors and will not support a conclusion that one party is a dependent and the other a supporting spouse. Hunt, 112 N.C. App. at 727, 436 S.E.2d at 860.
Here, while the trial court made findings as to plaintiff's and defendant's respective incomes at the time of separation and at the time of hearing, and as to plaintiff's reasonable living expenses at the time of hearing, the trial court failed to make findings as to the parties' accustomed standard of living prior to the separation, or as to defendant's total living expenses at the time of the hearing. See Knott v. Knott, 52 N.C. App. 543, 546, 279 S.E.2d 72, 75 (1981) (stating "[i]t is clear then that a mere comparison of plaintiff's expenses and income is an improperly shallow analysis . . . in . . . determin[ing] whether plaintiff is a dependent spouse"). "As the point in evaluating the parties' accustomed standard of living is to consider the pooling of resources that marriage allows," findings that merely set out the parties' separate "estates" during the marriage are insufficient to support a conclusion that plaintiff is a dependant spouse and defendant is a supporting spouse. Rice v. Rice, 159 N.C. App. 487, 501, 584 S.E.2d 317, 326 (2003).
As the trial court failed to make sufficient findings of the parties' standard of living prior to separation and defendant's current expenses so as to permit a determination of whether plaintiff is a dependant spouse and defendant is a supporting spouse, we "'cannot appropriately determine whether the order of the trial court is adequately supported by competent evidence, and therefore such an order must be reversed and the case remanded for necessary findings.'" Rhew v. Rhew, 138 N.C. App. 467, 470, 531 S.E.2d 471, 473 (2000) (citation omitted).

II.
Defendant next contends that the trial court erred in determining the respective shares of the parties' 401K retirement account. We agree.
"[N.C. Gen. Stat. §] 50-20(c) requires the trial court to determine what is marital property, then to find the net value of the property and finally to make an equitable distribution of that property." Soares v. Soares, 86 N.C. App. 369, 371, 357 S.E.2d 418, 419 (1987). "Marital property includes all vested and nonvested pension, retirement, and other deferred compensation rights[.]" N.C. Gen. Stat. § 50-20(b)(1) (2005). "A trial court must value all marital and divisible propertycollectively termed distributable propertyin order to reasonably determine whether the distribution ordered is equitable." Cunningham v. Cunningham, ___ N.C. App. ___, ___, 615 S.E.2d 675, 680 (2005). "Therefore, when no finding is made regarding the value of an item of distributable property, a trial court's findings are insufficient even if a determination is made with respect to the percentage of a distributable property's value to which each party is entitled." Id. Here, both parties concede that the record does not reveal how the trial court arrived at the figure of $55,199.68 as plaintiff's share of defendant's individual retirement account, as no evidence as to the date of separation value of the account appears in the record. As no finding was made regarding the value of the account, the trial court's findings are insufficient and we remand for further evidentiary findings as to this matter.
As the findings of fact are insufficient to support the trial court's conclusions that plaintiff is a dependant spouse and defendant is a supporting spouse, and to support the specific monetary award of plaintiff's share of defendant's 401K account, we reverse the order and remand for further findings in accordance with this opinion.
Reversed and remanded.
Judge BRYANT concurs.
Judge CALABRIA concurs in the result only.
Report per Rule 30(e).