JANET L. YOUNG, Plaintiff v. HOWARD L. GUM, GUM & HILLIER, P.A., AND DONNA COOPER, Defendants

No. COA06-1131

(Filed 4 September 2007)

**Attorneys— legal malpractice—representation for equitable distribution—failure to show alleged negligence proximately caused damage**

The trial court did not err in a legal malpractice case arising out of representation during an equitable distribution proceeding by entering summary judgment in favor of defendants, because:

———————————

(1) plaintiff failed to provide legal authority to support her claim that defendants were negligent in advising her to enter into a retainment agreement with another attorney; (2) plaintiff failed to show that her attorney was negligent when he did not advise her that the underlying consent judgment could be set aside under *Tevepaugh*, 135 N.C. App. 489 (1999); and (3) plaintiff failed to show that any other alleged negligence on the part of defendants proximately caused her damage when she did not forecast evidence regarding identification, classification, and value of marital property as of the date of separation which would permit the court to understand how and why she might have been able to prevail on an equitable distribution claim to obtain a judgment in excess of the 4.5 million dollars she received pursuant to the consent judgment.

Appeal by plaintiff from judgment entered 26 May 2006 by Judge Gary E. Trawick in Buncombe County Superior Court. Heard in the Court of Appeals 21 March 2007.

*William E. Loose for plaintiff-appellant.*

*Long, Parker, Warren, & Jones, P.A., by Robert B. Long, Jr., and William A. Parker, for defendant-appellee.*

STROUD, Judge.

Plaintiff appeals from the trial court's entry of summary judgment in favor of defendants in an action for legal malpractice. We conclude that plaintiff failed to provide legal authority to support her claim that defendants were negligent in advising her to retain another attorney. She also failed to show that her attorney was negligent when he did not advise her that the underlying consent judgment could be set aside. Finally, plaintiff failed to show that any alleged negligence on the part of defendants proximately caused damage to her. Accordingly, we affirm the order of the trial court granting summary judgment to defendants.

I. Background

On 2 May 2000, plaintiff filed a complaint against her husband, Paul M. Young, seeking equitable distribution of their marital estate. Plaintiff reached a settlement with her husband on 8 May 2000. In the settlement, plaintiff agreed to receive assets worth approximately four and one-half million dollars as a "full and final settlement of all

issues between [the] parties arising from their marriage." The settlement agreement was read into the record of the trial court as a consent judgment. The agreement was reduced to writing, signed by plaintiff and her husband, and entered by the trial court as a Consent Judgment on 24 May 2000. On 12 March 2001, plaintiff and her husband amended the Consent Judgment to transfer interest in a timeshare in Mexico to him. The amendment to the Consent Judgment stated that "except as amended [herein], all other provisions of the Consent Judgment dated May 24, 2000, shall remain in full force and effect." Plaintiff subsequently received the assets which the Consent Judgment specified to be transferred to her.

On 8 February 2002, plaintiff moved, pursuant to Rule 60, to set aside the Consent Judgment on the grounds

> that the consent judgment (1) was void because it "recites materials and events that never occurred" in that "[t]he terms of the document were never reviewed by the court with the parties," and that it (2) included terms "that were never discussed between the parties at the time they all met at the courthouse."

*Young v. Young*, 161 N.C. App. 541, 589 S.E.2d 750 (2003) (unpublished), *cert. denied*, 358 N.C. 242, 594 S.E.2d 195 (2004). After a hearing on 16 May 2002, the trial court entered an order on 6 June 2002 denying plaintiff's motion to set aside the Consent Judgment. Plaintiff appealed to this Court. The 6 June 2002 order of the trial court was affirmed by this Court. 161 N.C. App. 541, 589 S.E.2d 750.

Plaintiff subsequently filed this malpractice claim against her attorney, Howard L. Gum, and the firm that represented her during the equitable distribution proceedings, Gum & Hillier, P.A.[1] Plaintiff alleged that but for defendants' negligence, she would have received at least eight million dollars from the marital estate. Defendants moved for summary judgment on 2 May 2006. The trial court granted defendants' motion for summary judgment on 26 May 2006. Plaintiff appeals.

## II. Standard of Review

The trial court must grant summary judgment upon a party's motion when "there is no genuine issue as to any material fact

---

1. Donna Cooper was named as a defendant in the original complaint, but plaintiff filed a voluntary dismissal pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) of her claim against Cooper on 17 February 2005. Plaintiff did not commence a new action against Cooper within one year and the dismissal as to Cooper is therefore final. Cooper is therefore not a party to this appeal.

and . . . any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c). On appeal, this Court reviews an order granting summary judgment *de novo. Howerton v. Arai Helmet, Ltd.,* 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004). A defendant may show he is entitled to summary judgment "by (1) proving that an essential element of the plaintiff's case is nonexistent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense which would bar the claim." *James v. Clark,* 118 N.C. App. 178, 181, 454 S.E.2d 826, 828 (citation omitted), *disc. review denied,* 340 N.C. 359, 458 S.E.2d 187 (1995).

## III. Issues

Plaintiff alleged in her complaint that defendants were negligent in the following respects: (1) advising her to enter into a retainer agreement with another attorney, Mr. Graham, in addition to defendants; (2) failing to advise her that she had the right to set aside the consent judgment under *Tevepaugh v. Tevepaugh,* 135 N.C. App. 489, 521 S.E.2d 117 (1999); (3) failing to properly investigate the value of her marital estate; (4) failing to advise her that she would be entitled to at least fifty percent of all marital property in an equitable distribution action. Plaintiff claims that but for defendants' negligence, she would not have entered into the settlement and would have received at least eight million dollars from the marital estate based upon her equitable distribution claim. She also claims that she paid "more than $21,000" in attorney fees to Mr. Graham.

## IV. Analysis

Plaintiff did not argue in her brief regarding the allegation of defendants' negligence as to advising her to enter into a retainer agreement with Mr. Graham. She has not cited any authority to support a claim that simply advising her to enter into an attorney-client retainer agreement with another attorney is negligent, and we are not aware of any such authority. Summary judgment was therefore proper as to this alleged ground for negligence.

Plaintiff's contentions regarding the entry of the consent judgment and her claim that defendants were negligent by failing to advise her that the consent judgment could have been set aside pursuant to *Tevepaugh* were fully addressed in this court's prior opinion in plaintiff's first appeal. 161 N.C. App. 541, 589 S.E.2d 750. It has already been established as the law of the case that the consent order

was in fact entered properly under *Tevepaugh*, and therefore it could not have been negligent of defendants to fail to advise plaintiff that it was not. *See N.C.N.B. v. Virginia Carolina Builders*, 307 N.C. 563, 567, 299 S.E.2d 629, 631 (1983) (["W]e conclude that once a panel of the Court of Appeals has decided a question in a given case that decision becomes the law of the case and governs other panels which may thereafter consider the case.").

Plaintiff's remaining contentions regarding defendants' negligence fail because plaintiff has failed to forecast evidence as to damages proximately caused by the alleged negligence. Even if we assume, for purposes of summary judgment, that defendants negligently failed to investigate the value of the plaintiff's marital estate[2] and/or to advise her regarding her rights, "[i]n a legal malpractice case, a plaintiff is required to prove that [s]he would not have suffered the harm alleged absent the negligence of [her] attorney." *Hummer v. Pulley, Watson, King & Lischer, P.A.*, 157 N.C. App. 60, 66, 577 S.E.2d 918, 923, *disc. review denied*, 357 N.C. 459, 585 S.E.2d 758 (2003). It is well-settled that if a party loses a suit as a result of her attorney's negligence, the party proves this causation element by showing that: "(1) the original claim was valid; (2) [the claim] would have resulted in a judgment in [the plaintiff's] favor; and (3) the judgment would have been collectible." *Rorrer v. Cooke*, 313 N.C. 338, 361, 329 S.E.2d 355, 369 (1985) (citation omitted). This rule has been referred to as having to prove a "case within a case." *Kearns v. Horsley*, 144 N.C. App. 200, 211, 552 S.E.2d 1, 8, *disc. review denied*, 354 N.C. 573, 559 S.E.2d 179 (2001).

The "case within a case" rule applies in cases considering the propriety of an order granting summary judgment in favor of the defendant in a legal malpractice action. *See Bamberger v. Bernholz*, 326 N.C. 589, 391 S.E.2d 192 (1990) (adopting dissenting opinion of Lewis, J., in the Court of Appeals, 96 N.C. App. 555, 386 S.E.2d 450 (1989)). The rule applies even if the negligent actions of the attorney resulted in a total foreclosure of the underlying case being heard on its merits. *See id.* at 211-12, 552 S.E.2d at 8-9; *Hummer*, 157 N.C. App. at 60, 577 S.E.2d at 918. The same rule would therefore apply when a plaintiff

---

2. We note that although plaintiff contends that defendants did not do investigation necessary to value her marital estate, she states in her own affidavit that at the time she entered the settlement, she believed the estate to be worth between 15 and 20 million dollars. Thus, plaintiff is not claiming that she did not know the approximate value of the marital estate when she entered the settlement—by her own admission, she did—yet she is still claiming that defendants were negligent by failing to do more investigation as to the value of the estate.

alleges that her attorney's negligence in handling her equitable distribution claim caused her to settle the claim to her detriment. *See Harris v. Maready*, 84 N.C. App. 607, 612, 353 S.E.2d 656, 660, *disc. review denied*, 320 N.C. 168, 358 S.E.2d 50 (1987); *accord Thomas v. Bethea*, 718 A.2d 1187, 1196-97 (Md. 1998).

In this case, plaintiff claims that her attorney negligently failed to properly advise regarding her legal rights if the claim had been fully litigated. Therefore, plaintiff must make a forecast of evidence sufficient to demonstrate that (1) her original equitable distribution claim was valid; (2) the equitable distribution claim would have resulted in a judgment in her favor (i.e., in an amount in excess of the 4.5 million dollars she received in the settlement); and (3) the equitable distribution judgment would have been collectible.

Plaintiff has met the first part of this test by her allegations that she filed a complaint for equitable distribution and her allegations that she and her husband accumulated marital property during their marriage. For purposes of summary judgment, viewing the evidence in the light most favorable to plaintiff, we assume that she and Mr. Young did in fact have marital property. Plaintiff is also entitled to the benefit of the presumption that marital and divisible property will be distributed half to each spouse. N.C. Gen. Stat. § 50-20(c) (2005). In fact, defendants do not dispute that plaintiff had a valid equitable distribution claim. However, having a valid equitable distribution claim alone is not enough to survive summary judgment; plaintiff must also forecast evidence sufficient to demonstrate that her equitable distribution claim would have resulted in judgment in her favor in excess of 4.5 million dollars and that it would have been collectible.

As noted above, a legal malpractice claim is considered as a "case within a case." Therefore, to determine the facts which plaintiff must forecast regarding her equitable distribution claim, we look to the substantive law defining an equitable distribution claim. In an action for equitable distribution of marital property,

[t]he burden of proof is upon the party claiming that property is marital property to show by a preponderance of the evidence that the property: (1) was acquired by either spouse or both spouses; (2) during the marriage; (3) before the date of the separation of the parties; and (4) is presently owned.

*Caudill v. Caudill*, 131 N.C. App. 854, 857, 509 S.E.2d 246, 248 (1998) (citing N.C. Gen. Stat. 50-20(b)(1)). The party claiming that property

is marital property must also provide evidence by which that property is to be valued by the trial court. *Miller v. Miller*, 97 N.C. App. 77, 80, 387 S.E.2d 181, 184 (1990).

> The requirements that the trial court (1) classify and value all property of the parties, both separate and marital, (2) consider the separate property in making a distribution of the marital property, and (3) distribute the marital property, necessarily exist only when evidence is presented to the trial court which supports the claimed classification, valuation and distribution.

*Id.*

N.C. Gen. Stat. § 50-21(b) requires that marital property be valued "as of the date of the separation of the parties" while divisible property and divisible debt are "valued as of the date of distribution." The plaintiff is required in an equitable distribution action to provide detailed information regarding her allegations as to the identification, classification, and value of marital and separate property as of the date of separation by filing an equitable distribution inventory affidavit within 90 days after service of the equitable distribution claim. N.C. Gen. Stat. § 50-21(a).[3] A party who fails to file the required equitable distribution inventory affidavit can be subject to sanctions pursuant to N.C. Gen. Stat. § 1A-1, Rule 37, up to and including dismissal of the claim. N.C. Gen. Stat. § 50-21(a); N.C. Gen. Stat. § 1A-1, Rule 37(b)(2).

In addition, N.C. Gen. Stat. § 50-20(e) (2005) establishes a presumption in all equitable distribution actions that an "in-kind distribution of marital or divisible property is equitable." In order to obtain a distributive award, this presumption must be "rebutted by the greater weight of the evidence" or by evidence that a property is a "closely held business entity or is otherwise not susceptible of division in-kind." N.C. Gen. Stat. § 50-20(e).

Therefore, plaintiff was required to forecast evidence that would be sufficient to demonstrate not only that defendants were negligent in advising her, but also evidence which would support plaintiff's

---

3. N.C. Gen. Stat. § 50-21(a) states, in pertinent part:

Within 90 days after service of a claim for equitable distribution, the party who first asserts the claim shall prepare and serve upon the opposing party an equitable distribution inventory affidavit listing all property claimed by the party to be marital property and all property claimed by the party to be separate property, and the estimated date-of-separation fair market value of each item of marital and separate property.

underlying equitable distribution claim and her allegation that an equitable distribution judgment in her favor would have exceeded the 4.5 million dollars she received by the settlement and that this judgment would have been collectible. As stated above, plaintiff has not forecast any evidence which would permit the court to identify, value or classify marital and separate property of the parties, and in the absence of this evidence, the court could not value or classify the property. *Miller*, 97 N.C. App. at 80, 387 S.E.2d at 184.

It is not clear from plaintiff's pleadings or affidavits whether plaintiff claimed she was entitled to a distributive award in excess of 8 million dollars or an in-kind distribution of property valued in excess of 8 million dollars. If she was seeking a distributive award, plaintiff has failed to forecast any evidence to rebut the presumption of an in-kind distribution, or to demonstrate why she would have been entitled to a distributive award in excess of 4.5 million dollars. N.C. Gen. Stat. § 50-20(e). If plaintiff was seeking an in-kind distribution, she has failed to forecast any evidence of what property she claims should have been distributed to her. She has failed to forecast any evidence regarding whether a judgment in excess of 4.5 million dollars would be collectible.

For purposes of equitable distribution, marital property must be valued as of the date of separation. N.C. Gen. Stat. § 50-21(b). We note that plaintiff has not even mentioned any date of valuation of marital property in the record. The record contains only bare assertions as to the total value of plaintiff's property, without any allegation of the date of valuation or what portion of the property is marital or separate or divisible. Plaintiff's only statements regarding value of the marital estate in her affidavit are as follows:

> In my initial meeting with Mr. Gum, I informed him about the extent of my estate. While I had some idea of what assets Mr. Young and I had and I gave some estimate with respect to their value no valuation of my estate was completed. . . . At the time of my meeting with Mr. Gum in March 2000 I had estimated my assets to be worth between $15 million to $20 million.

There is no mention of the date of separation in the record except as a finding of fact in the Consent Judgment, which states that the parties separated on 31 March 2000. The only other evidence in the record as to the alleged value of the marital estate is contained in the affidavit of Michael E. Casterline, an attorney, submitted in opposition to the summary judgment motion. Mr. Casterline states that "I am

also aware that the marital estate has been valued at approximately $20 million." We note first that this statement does not give any date for this valuation. Furthermore, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." N.C. Gen. Stat. § 1A-1, Rule 56(e); *see also Talbert v. Choplin*, 40 N.C. App. 360, 364, 253 S.E.2d 37, 40 (1979) (applying Rule 56(e)). Mr. Casterline's affidavit addresses the legal standard of care, not valuation. There is no indication that Mr. Casterline is competent to testify as to the value of the marital estate or that he has personally determined the value of the estate. In fact, the statement in his affidavit that the estate "has been valued at approximately $20 million" indicates that someone else has valued the estate, so this is hearsay and not admissible evidence as to value.

We are aware that equitable distribution cases can be very complex and require extensive and detailed evidence regarding marital property, debts, separate property, divisible property and many other issues. We are not holding that plaintiff would have had to forecast every detail of her entire equitable distribution case to survive summary judgment or even that she would have had to file an equitable distribution inventory affidavit detailing the property for which she sought equitable distribution. However, she must present some forecast of evidence regarding the identification, classification, and value of marital property as of the date of separation which would permit the court to understand how and why she might have been able to prevail on an equitable distribution claim and in particular, to obtain a judgment in excess of 4.5 million dollars. Here, even assuming that defendants negligently failed to advise plaintiff or to value her estate properly, she has made no such forecast at all of the value of the marital estate as of the date of separation and therefore as to the value of her equitable distribution claim, and thus has failed to show that any alleged negligence on the part of defendants proximately caused damage to her.

## V. Conclusion

Plaintiff failed to provide legal authority to support her claim that defendants were negligent in advising her to retain another attorney. She also failed to show that her attorney was negligent when he did not advise her that the underlying consent judgment could be set aside under *Tevepaugh*. Finally, plaintiff failed to show that any other alleged negligence on the part of defendants proximately caused

damage to her. Accordingly, the order of the trial court granting summary judgment to defendants is affirmed.

AFFIRMED.

Judges McCULLOUGH and CALABRIA concur.