ROBIN JOYCE HELMS, Plaintiff v. DONALD RAY HELMS, Defendant

No. COA07-1090

(Filed 17 June 2008)

**1. Appeal and Error— preservation of issues—failure to assign error—failure to argue**

Although the trial court's order contains several items that may be subject to challenge in an equitable distribution case including setting the value of the marital residence as the future sales price of the residence instead of the net fair market value on the date of separation, failing to specify the reasons for the delay in plaintiff's receipt of defendant's monthly retirement checks and commencement of alimony payments after the sale of the marital residence, and the trial court's entering of conflicting findings and conclusions regarding the classification of plaintiff's lump sum award of $18,000 as her share of defendant's retirement benefits, these issues will not be considered on appeal because they are neither assigned as error nor argued in the brief as required by N.C. R. App. P. 10(a).

---

**HELMS v. HELMS**

[191 N.C. App. 19 (2008)]

## 2. Divorce— alimony—dependent spouse—supporting spouse—accustomed standard of living prior to separation

The trial court did not err in an alimony and equitable distribution case by concluding as a matter of law under N.C.G.S. § 50-16.1A that plaintiff wife was a dependent spouse and defendant husband was a supporting spouse because: (1) although defendant contends the trial court should have included the fact that plaintiff will receive 41.5 percent of his retirement checks upon the sale of the marital residence when it was determining plaintiff's monthly income, plaintiff's status as dependent spouse is not determined based upon events set to occur in the future, but is instead established according to plaintiff's accustomed standard of living prior to the parties' separation; (2) the findings of fact demonstrated that during the marriage and at the time of the hearing, plaintiff had an income-expenses deficit of $627 per month, thus supporting the conclusion that she was a dependent spouse; (3) a surplus of income over expenses is sufficient in and of itself to warrant a supporting spouse classification, and the findings of fact showed defendant's income-expenses surplus supported this classification; and (4) this determination, along with the trial court's determination of the amount of alimony awarded to plaintiff, are subject to reconsideration following the final equitable distribution or may be modified by motion in the cause and proof of a substantial change of circumstances.

## 3. Divorce— equitable distribution—marital property— 401(k) retirement account

The trial court did not abuse its discretion in an equitable distribution case by awarding each of the parties one-half of defendant husband's 401(k) retirement account because: (1) defendant failed to present any evidence tending to show the number of years his 401(k) account existed prior to the marriage; (2) in an equitable distribution affidavit, defendant stipulated the account was marital property and listed the word "none" under separate property; and (3) defendant failed to meet his burden of showing what portion of the pension was separate property.

Judge STEPHENS concurring in part and dissenting in part.

Appeal by defendant from order entered 18 May 2007 by Judge James H. Faison, III in Pender County District Court. Heard in the Court of Appeals 5 March 2008.

*Lea, Rhine, Rosbrugh & Chleborowicz, by Lori W. Rosbrugh, for plaintiff-appellee.*

*Lanier, Fountain & Ceruzzi, by John W. Ceruzzi, for defendant-appellant.*

TYSON, Judge.

Donald Ray Helms ("defendant") appeals from order entered on remand from this Court directing a distribution of the parties' marital and divisible property. We affirm.

## I. Background

Robin Joyce Helms ("plaintiff") and defendant were married on 27 June 1981 and lived together as husband and wife for over twenty years. No children were born from the marriage. Plaintiff discovered that defendant had engaged in a three-year adulterous relationship with another woman. Plaintiff and defendant separated on 30 June 2003 when plaintiff moved out of the marital residence. Since the separation, defendant has been living in the marital residence with his paramour.

On 29 June 2004, plaintiff filed a verified complaint against defendant for: (1) post separation support; (2) permanent alimony; (3) equitable distribution; and (4) attorney fees. On 31 August 2004, defendant filed an answer and pled the affirmative defense of recrimination as an absolute bar to alimony.

In an order entered 23 February 2005, the trial court found that: (1) plaintiff was a dependent spouse and defendant was a supporting spouse and (2) defendant had engaged in adultery during the course of the marriage. The trial court ordered defendant to pay plaintiff $350.00 monthly for post-separation support until the sale of the marital residence. Upon sale, defendant was ordered to begin paying plaintiff: (1) 41.5 percent of his monthly retirement checks and (2) $400.00 per month in permanent alimony. Plaintiff was also awarded $18,000.00 as "her past due share of [d]efendant's retirement payments for the 19 months between [the] date of separation and the date of trial." The trial court also ordered that plaintiff's net vested share of $55,199.68 plus interest of defendant's 401(k) retirement account be transferred into her separate account. Defendant appealed from this order on 22 March 2005.

This Court reversed the trial court's order and remanded the case for further findings of fact. *See Helms v. Helms*, 179 N.C. App. 225,

**HELMS v. HELMS**

[191 N.C. App. 19 (2008)]

633 S.E.2d 891 (2006) (unpublished). Our Court held the trial court erred by declaring plaintiff a dependent spouse and defendant a supporting spouse without entering the requisite findings of fact concerning the parties' accustomed standard of living prior to the separation and defendant's total living expenses at the time of the hearing. *Id.* This Court also held the trial court erred in determining the respective shares of the parties' 401(k) retirement accounts because the trial court's findings were insufficient to support the specific monetary award. *Id.*

On 18 May 2007, the trial court filed its order on remand. In its order, the trial court included specific findings of fact regarding the parties' accustomed standard of living prior to separation and the respective shares of defendant's 401(k) retirement account. The trial court's order on remand did not change the trial court's prior award to plaintiff. Defendant appeals.

## II. Issues

Defendant argues the trial court erred by: (1) finding plaintiff is a dependent spouse and defendant is a supporting spouse pursuant to N.C. Gen. Stat. § 50-16.1A and (2) erroneously determining the parties' respective shares of defendant's 401(k) retirement account.

[1] We recognize the trial court's order contains several items that may be subject to challenge. First, the trial court set the value of the marital residence as the future sales price of the residence and not the net fair market value on the date of separation. We note that the trial court's order necessarily fails to account for post-separation appreciation or diminution in value of the marital residence because both the sale price of the house and the date of distribution are unknown. Secondly, the trial court failed to specify the reasons for the delay in plaintiff's receipt of 41.5 percent of defendant's monthly retirement checks and commencement of alimony payments until the sale of the marital residence, which acts as a deterrent for defendant to agree to the sale. Thirdly, the trial court entered conflicting findings and conclusions regarding the classification of plaintiff's lump sum award of $18,000.00 as "her share of defendant's retirement benefits." Pursuant to Rule 10(a) of the North Carolina Rules of Appellate Procedure, "the scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal . . . ." N.C.R. App. P. 10(a) (2008). These issues are neither assigned as error, nor argued in the briefs, and are not properly before us.

### III.  N.C. Gen. Stat. § 50-16.1A

[2] Defendant argues the trial court erred by concluding as a matter of law that plaintiff is a dependent spouse and defendant is a supporting spouse pursuant to N.C. Gen. Stat. § 50-16.1A. We disagree.

### A.  Standard of Review

We review a trial court's finding that a party is entitled to alimony *de novo*. *Barrett v. Barrett*, 140 N.C. App. 369, 371, 536 S.E.2d 642, 644 (2000) (citation omitted).

### B.  Analysis

At the outset, we examine the two-step inquiry the trial court is statutorily required to follow in determining alimony:

> First is a determination of whether a spouse is *entitled* to alimony. N.C. Gen. Stat. § 50-16.3A(a). Entitlement to alimony requires that one spouse be a dependent spouse and the other be a supporting spouse[.] *Id.* If one is entitled to alimony, the second determination is the *amount* of alimony to be awarded. N.C. Gen. Stat. § 50-16.3(b).

*Id.* (emphasis original). Defendant argues that the trial court erred by classifying plaintiff as a dependent spouse and defendant as a supporting spouse, but does not contest the amount of alimony awarded.

### 1.  Dependent Spouse

N.C. Gen. Stat. § 50-16.1A(2) (2005) defines a dependent spouse as a "husband or wife, who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse." This Court has stated:

> A spouse is "actually substantially dependent" if he or she is currently unable to meet his or her own maintenance and support. *Williams v. Williams*, 299 N.C. 174, 180, 261 S.E.2d 849, 854 (1980). A spouse is "substantially in need of maintenance" if he or she will be unable to meet his or her needs in the future, even if he or she is currently meeting those needs. *Id.* at 181-82, 261 S.E.2d at 855.

*Barrett*, 140 N.C. App. at 371, 536 S.E.2d at 644-45. "[I]n other words, the court must determine whether one spouse would be unable to maintain his or her accustomed standard of living, *established prior to separation*, without financial contribution from the other." *Vadala*

*v. Vadala*, 145 N.C. App. 478, 481, 550 S.E.2d 536, 538 (2001) (citation and quotation omitted) (emphasis supplied). "[T]o properly find a spouse dependent the court need only find that the spouse's reasonable monthly expenses exceed her monthly income and that the party has no other means with which to meet those expenses." *Beaman v. Beaman*, 77 N.C. App. 717, 723, 336 S.E.2d 129, 132 (1985). It necessarily follows that the trial court must look at the parties' income and expenses in light of their accustomed standard of living. *See Williams v. Williams*, 299 N.C. 174, 182, 261 S.E.2d 849, 856 (1980) ("The incomes and expenses measured by the standard of living of the family as a unit must be evaluated from the evidence presented.").

Defendant asserts plaintiff will receive 41.5 percent of defendant's retirement checks upon the sale of the marital residence and the trial court erred by failing to include this amount in its determination of plaintiff's monthly income, which affected her status as a dependent spouse. Defendant's argument is without merit. Plaintiff's status as dependent spouse is not determined based upon events set to occur in the future, but is established according to plaintiff's accustomed standard of living prior to the parties' separation. *Vadala*, 145 N.C. App. at 481, 550 S.E.2d at 538.

Here, the trial court made the following findings of fact:

8. PLAINTIFF'S INCOME: During the marriage, the Plaintiff worked as a dental assistant, earning $2,600.00 per month. Approximately one month after separation, Plaintiff lost her job due to a downsizing at her place of employment. At the time of the trial, Plaintiff worked as a secretary for Gideon's Heating and Air, earning a monthly income of $1,256.00 and also had a second job as a waitress, earning an additional average income of $152.00 per month. Plaintiff was restricted in search for reemployment as a dental assistant due to the development of carpal tunnel syndrome in both of her wrists during the last several years of her employment as a dental assistant. This condition was documented by her employer and her treating physician. The Plaintiff had also developed situational depression due to the breakup of her marriage and must take several antidepressant medications prescribed by her counselor to enable her to work.

. . . .

10. PLAINTIFF'S EXPENSES: Plaintiff has monthly living expenses in the amount of $2,035.00 per month. The Court has examined these monthly expenses and finds them to be reason-

able in light of the standard of living established by the parties during the marriage. . . .

. . . .

14. The Plaintiff does not have sufficient income to meet her monthly needs and maintain her accustomed standard of living without support from the Defendant.

. . . .

16. Plaintiff remains actually substantially dependent upon the Defendant for her maintenance and support and is substantially in need of maintenance and support from the Defendant.

Defendant failed to except to any of the trial court's findings of fact contained in its 18 May 2007 order. Where an appellant does not except to the trial court's findings of fact, they are presumed to be supported by competent evidence and are binding on appeal. *Hall v. Hall*, 65 N.C. App. 797, 799, 310 S.E.2d 378, 380 (1984).

Here, the trial court's findings of fact demonstrate that during the marriage and at the time of the hearing, plaintiff had an income-expenses deficit of $627.00 per month. The trial court's findings of fact are sufficient to support its conclusion that plaintiff is a dependent spouse pursuant to N.C. Gen. Stat. § 50-16.1A(2). *Beaman*, 77 N.C. App. at 723, 336 S.E.2d at 132.

### 2. Supporting Spouse

Our Supreme Court has stated, "evidence one spouse is dependent does not necessarily infer the other spouse is supporting." *Williams*, 299 N.C. at 186, 261 S.E.2d at 857. A supporting spouse is statutorily defined as a "husband or wife, upon whom the other spouse is actually substantially dependent for maintenance and support or from whom such spouse is substantially in need of maintenance and support." N.C. Gen. Stat. § 50-16.1A(5) (2005). This Court has stated, "[a] surplus of income over expenses is sufficient in and of itself to warrant a supporting spouse classification." *Barrett*, 140 N.C. App. at 373, 536 S.E.2d at 645 (citing *Beaman*, 77 N.C. App. at 723, 336 S.E.2d at 132).

Here, the trial court found that at the time of separation: (1) defendant's total monthly income was at a minimum $3,339.41 per month and (2) defendant's actual monthly expenses were approximately $2,800.00 per month. Defendant's income-expenses surplus

supports the trial court's classification of defendant as a supporting spouse pursuant to N.C. Gen. Stat. § 50-16.1A(5).

Prior to the enactment of our current alimony statute in 1995, our trial courts were instructed that "an alimony award should follow equitable distribution, duly taking into account the division of the marital property and the resulting estates of the parties." *Patterson v. Patterson*, 81 N.C. App. 255, 258, 343 S.E.2d 595, 598 (1986) (citing *Talent v. Talent*, 76 N.C. App. 545, 334 S.E.2d 256 (1985)). Under the present statute, however, a claim for alimony "may be heard on the merits prior to the entry of a judgment for equitable distribution, and if awarded, the issues of amount and of whether a spouse is a dependent or supporting spouse may be reviewed by the court after the conclusion of the equitable distribution claim." N.C. Gen. Stat. § 50-16.3A(a) (2005). The trial court found plaintiff is the dependent spouse and defendant is the supporting spouse. This determination along with the trial court's determination of the amount of alimony awarded to plaintiff are subject to reconsideration following the final equitable distribution or may be modified by motion in the cause and proof of a substantial change of circumstances. This assignment of error is overruled.

## IV. 401(k) Retirement Account

**[3]** Defendant argues the trial court erroneously determined the parties' respective shares of defendant's 401(k) retirement account. We disagree.

### A. Standard of Review

"The standard of review of the percentage division of marital property in equitable distribution cases is for an abuse of discretion." *Squires v. Squires*, 178 N.C. App. 251, 256, 631 S.E.2d 156, 159 (2006) (citation omitted). "A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

### B. Analysis

This Court previously remanded the issue of the 401(k) retirement account to the trial court based upon the parties' failure to present any evidence tending to show the value of the account on the date of separation. *See Helms*, 179 N.C. App. at 225, 633 S.E.2d at

**HELMS v. HELMS**

[191 N.C. App. 19 (2008)]

891. At the hearing on remand, defendant presented the trial court with a written record that established the account was worth $111,805.02 on the date of separation.

It is undisputed that plaintiff is entitled to a portion of defendant's 401(k) account. At the equitable distribution hearing, plaintiff testified that she and her counsel had determined that she was entitled to $42,098.38 based upon the number of years she was married to defendant and the years defendant was employed. Defendant now argues this admission was binding upon the trial court. We disagree.

This Court addressed a similar issue in *Embler v. Embler*, 159 N.C. App. 186, 582 S.E.2d 628 (2003). In *Embler*, the defendant argued that the trial court erred by classifying his pension plan solely as marital property because one-third of defendant's employment occurred before the marriage. 159 N.C. App. at 191, 582 S.E.2d at 632. The defendant did not present any evidence of the pre-marital value of the pension and had stipulated on the equitable distribution form that the pension was marital property. *Id.* This Court stated, "[t]he court thus had no evidence by which it could accurately calculate the pre-marital value of the pension. Defendant bore the burden of showing what portion of the pension was separate property and cannot now complain because he failed to meet his burden." *Id.*

Here, defendant failed to present any evidence tending to show the number of years his 401(k) account existed prior to the marriage. In his equitable distribution affidavit, defendant stipulated the account was marital property and listed the word "none" under separate property. Defendant did not meet his "burden of showing what portion of the pension was separate property." *Id.* Defendant failed to show the trial court abused its discretion by awarding plaintiff one-half of defendant's 401(k) retirement account. *See Young v. Gum*, 185 N.C. App. 642, 647, 649 S.E.2d 469, 473 (2007) (citing N.C. Gen. Stat. § 50-20(c) (2005)) (holding there is a presumption that marital and divisible property will be distributed half to each spouse). This assignment of error is overruled.

## V. Conclusion

The trial court properly classified plaintiff as a dependent spouse and defendant as a supporting spouse pursuant to N.C. Gen. Stat. § 50-16.1A. Defendant failed to show the trial court abused its discretion by awarding plaintiff one-half of defendant's 401(k) retirement account. The trial court's order is affirmed.

**HELMS v. HELMS**

[191 N.C. App. 19 (2008)]

Affirmed.

Judge McGEE concurs.

Judge STEPHENS concurs in part and dissents in part by separate opinion.

STEPHENS, Judge, concurring in part and dissenting in part.

This case confounds me. My confusion undoubtedly springs from the trial court's attempt to resolve simultaneously the issues of postseparation support, alimony, and equitable distribution, but is worsened by the manner in which these issues were "resolved." Nevertheless, I reluctantly agree with the majority's opinion that the trial court did not abuse its discretion in awarding Plaintiff one-half of Defendant's 401(k) account. However, I vote to reverse the trial court's order because: (1) I conclude that the trial court was without subject matter jurisdiction to award postseparation support beyond the date of the order's entry because the order also awarded alimony, and (2) I disagree with the majority's opinion that the trial court properly concluded that Plaintiff is entitled to alimony. Thus, I dissent.

Preliminarily, I note that this Court *reversed* and remanded the 23 February 2005 "Equitable Distribution Order." The trial court's 18 May 2007 "Order on Remand," however, purported to leave "[a]ll remaining provisions of the [Equitable Distribution] Order, not inconsistent with the terms [of the Order on Remand] . . . in full force and effect." Because the Order on Remand does not contain all of the findings necessary for a complete review of Defendant's appeal, we find ourselves in the curious position of having to compare the two orders to discern which provisions of the Equitable Distribution Order survived our reversal. The two orders are not readily comparable, and the trial court's action hinders and impedes our review.

Next, I agree with the majority that Defendant failed to assign error to "several items" that are clearly subject to challenge on appeal. Having thoroughly and exhaustively reviewed the record in this case, however, I submit that Defendant was as puzzled by the trial court's orders as I am, as the orders defy simple analysis. For example, in the Equitable Distribution Order, the trial court conflated the issues of equitable distribution and postseparation support, stating,

**HELMS v. HELMS**

[191 N.C. App. 19 (2008)]

> Plaintiff is entitled to nineteenth [sic] months of retirement ben-
> efits she has not received since the date of the parties' separation
> at $924.91 plus interest and her share of any increases, which
> equals at least $17,573.29. These monies are not post-separation
> support, but are the Plaintiff's vested asset[,]

but then awarding, from the proceeds of the sale of the marital
residence,

> $18,000.00 to Plaintiff as her past due share of Defendant's retire-
> ment payments for the 19 months between date of separation and
> the date of trial. This award is post-separation support granted.

Aside from the plain contradiction in the trial court's classification of
Plaintiff's share of Defendant's retirement income, a determination
that has potential tax ramifications, the trial court apparently picked
the sum of $18,000.00 out of a hat.[1] Given the opportunity to clarify
its order by this Court's first opinion in this case, the trial court stated
in the Order on Remand that:

> Defendant shall pay the sum of $350.00 per month to Plaintiff as
> post separation support. The first prospective payment shall be
> due on March 1, 2005 and shall continue until such time as the
> former marital home is sold. As for retroactive post separation

---

1. The plaintiff in an equitable distribution action is required to provide detailed
information regarding the identification, classification, and value of marital and sepa-
rate property as of the date of separation by filing an equitable distribution inventory
affidavit. N.C. Gen. Stat. § 50-21(a) (2005). The defendant is required to provide the
same information after receiving the plaintiff's affidavit. *Id.* "A party who fails to file
the required equitable distribution inventory affidavit can be subject to sanctions pur-
suant to N.C. Gen. Stat. § 1A-1, Rule 37, up to and including dismissal of the claim."
*Young v. Gum*, 185 N.C. App. 642, 649, 649 S.E.2d 469, 474 (2007) (citing N.C. Gen. Stat.
§ 50-21(a); N.C. Gen. Stat. § 1A-1, Rule 37(b)(2)), *disc. review denied*, 362 N.C. 374, ——
S.E.2d —— (2008).

The majority opinion refers to Defendant's "equitable distribution affidavit."
Presumably, the majority refers to a document in the record on appeal labeled
"Equitable Distribution Affidavit of the Defendant." This document is neither executed
nor file-stamped. Interestingly, in his first brief to this Court in COA05-1346, the same
attorney who represents Defendant in this appeal wrote:

The undersigned appellate counsel for Defendant performed a diligent search of
the Pender County Clerk of Court's file with regard to this matter and he has been
unable to locate any copies of a filed equitable distribution affidavit from either
the Plaintiff or the Defendant, nor does the Exhibits/Evidence Log from the trial
of this matter indicate that any such equitable distribution affidavit was entered
into evidence. . . . The undersigned appellate counsel for Defendant has conferred
with appellate counsel for the Plaintiff who has likewise not been able to locate
any such equitable distribution affidavit.

**HELMS v. HELMS**

[191 N.C. App. 19 (2008)]

support, from his net share of the sale proceeds of the former marital residence, the Defendant shall pay $18,000.00 to Plaintiff for the time between the date of separation and the date of trial.

. . . .

3. Defendant shall pay the sum of $3,150.00 to Plaintiff within 120 days of the entry of this Order as post separation support payments due for September, 2006 through May, 2007.

We are left to presume that the sum of $18,000.00 awarded as "retroactive post separation support" is the same $18,000.00 the trial court found and concluded was Plaintiff's vested asset.[2] We are likewise left to presume Defendant began making postseparation support payments of $350.00 beginning in March 2005 as previously ordered, but that he stopped making those payments in September 2006. In any event, I am loathe to affirm an order which defies review.

Moreover, I hesitate to affirm an order which clearly contradicts the provisions of our General Statutes. Postseparation support is "spousal support to be paid until the earlier of . . . [t]he date specified in the order for postseparation support [or] *[t]he entry of an order awarding or denying alimony.*" N.C. Gen. Stat. § 50-16.1A(4) (2005) (emphasis added); *Evans v. Evans,* 169 N.C. App. 358, 610 S.E.2d 264 (2005); *Rowe v. Rowe,* 131 N.C. App. 409, 507 S.E.2d 317 (1998). In this case, the order awards alimony. The order also awards postseparation support to be paid beyond the date of the order's entry. Such action plainly contradicts the legislative directive.

More importantly, I would hold that the trial court's action in entering an order awarding alimony deprived the court of subject matter jurisdiction to award postseparation support prospective from the order's entry. *In re T.R.P.,* 360 N.C. 588, 590, 636 S.E.2d 787, 790 (2006) (stating that subject matter jurisdiction is " '[j]urisdiction over the nature of the case *and the type of relief sought*[]' ") (quoting *Black's Law Dictionary* 856 (7th ed. 1999)) (emphasis added); *see* N.C. Gen. Stat. § 50-16.1A(4) (defining postseparation support). It is well-established that an issue of subject matter jurisdiction may be raised at any stage of a case and may be raised by a court on its own motion. " 'A universal principle as old as the law is that the proceedings of a court without jurisdiction of the subject matter are a

2. Nineteen months of the award of vested retirement benefits is $17,573.29. Nineteen months of postseparation support in the amount of $350.00 per month, however, is only $6,650.00.

nullity.' " *T.R.P.*, 360 N.C. at 590, 636 S.E.2d at 790 (quoting *Burgess v. Gibbs*, 262 N.C. 462, 465, 137 S.E.2d 806, 808 (1964)). The trial court's award of postseparation support beyond the date of the order's entry should be vacated.

## EQUITABLE DISTRIBUTION

By his second assignment of error, Defendant argues the trial court abused its discretion in awarding Plaintiff one-half of his 401(k) account. In an equitable distribution action, the trial court is required to provide for an equitable distribution of the parties' marital property and divisible property. N.C. Gen. Stat. § 50-20(a) (2005). To do so, the court must determine what is marital property and what is divisible property. *Id.* "Marital property" includes "all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of the separation of the parties, and presently owned[.]" N.C. Gen. Stat. § 50-20(b)(1) (2005). "Divisible property" includes, *inter alia*:

> All appreciation and diminution in value of marital property and divisible property of the parties occurring after the date of separation and prior to the date of distribution, except that appreciation or diminution in value which is the result of postseparation actions or activities of a spouse shall not be treated as divisible property.

N.C. Gen. Stat. § 50-20(b)(4)(a) (2005). While marital property is valued as of the date of separation, divisible property must be valued *as of the date of distribution*. N.C. Gen. Stat. § 50-21(b) (2005).

As the majority notes, the trial court did not value the marital residence as of the date of separation. Interestingly, a review of the transcript from the hearing held prior to the entry of the Equitable Distribution Order reveals that the first half of the hearing was dedicated to resolving this very issue. Furthermore, as the majority states, the trial court's order necessarily fails to account for post-separation appreciation or diminution in value of the marital residence because both the sale price of the house and the date of distribution are unknown. In light of these unknowns, I question whether the trial court's order completely resolves the equitable distribution claim and whether this appeal is interlocutory. In its discussion of the alimony award, the majority tacitly acknowledges the interim nature of the distributive award, stating that the trial court's alimony determinations are "subject to reconsideration following the *final*

equitable distribution[.]" (Emphasis added.) At a minimum, however, the trial court's order does not comply with our equitable distribution statutes.

Nevertheless, by his second assignment of error, Defendant only argues that the trial court was bound by the parties' admission that Plaintiff was entitled to receive $42,098.38 from Defendant's 401(k) retirement account. Defendant does not argue that the trial court's order violates our statutes. I agree with the majority that the parties' admission is not binding upon the trial court and, therefore, vote to overrule Defendant's second assignment of error.

## ALIMONY

By his first assignment of error, Defendant argues the trial court erred in determining that Plaintiff is entitled to alimony. I agree.

The majority reasons that "[p]laintiff's dependent spouse status is not determined based upon events set to occur in the future, but *is established according to plaintiff's accustomed standard of living prior to the parties' separation.*" (Emphasis added.) The majority then states that "the trial court's findings of fact demonstrate that during the marriage and *at the time of the hearing,* plaintiff had an income-expenses deficit of $627.00 per month." (Emphasis added.) The findings of fact recited in the majority's opinion do not support the majority's statement that, during the marriage, Plaintiff had an income-expenses deficit of $627.00. According to the findings, Plaintiff was earning $1,192.00 less per month at the time of the hearing than on the date of separation. Moreover, the majority's reliance on Plaintiff's income-expenses deficit at the time of the hearing is in plain opposition to its statement that Plaintiff's dependent spouse status is determined according to Plaintiff's accustomed standard of living prior to the parties' separation.

Although I agree with the majority that our current statute authorizes a trial court to hear and award a claim for alimony prior to the entry of a judgment for equitable distribution and that the trial court's alimony determinations are subject to reconsideration following the final equitable distribution, this solution to the problems raised by this appeal is unappealing. As one leading scholar noted after the current statute's enactment,

> hearing the alimony claim [before the completion of an equitable distribution] is likely to be a *waste of judicial and other resources* and will certainly bring *added expenses to the parties.* The caveat to this statement would involve the *unlikely event*

**HELMS v. HELMS**

[191 N.C. App. 19 (2008)]

that the results of equitable distribution would not change the alimony duration or amount, or the dependency status—an eventuality that, given the potential of the expanded factors that can be used to increase the assets and income of the supporting spouse, is *so unlikely as to stretch the imagination.*

Sally Burnett Sharp, *Step by Step: The Development of the Distributive Consequences of Divorce in North Carolina*, 76 N.C. L. Rev. 2017, 2085-86 (1998) (footnote omitted) (emphasis added). Professor Sharp's prognostication has come true in this case. *See, e.g., Helms v. Helms*, 179 N.C. App. 225, 633 S.E.2d 891 (2006) (unpublished) (addressing the trial court's initial attempt to resolve this matter).

In light of the flawed nature of the trial court's orders, I cannot agree with the result reached by the majority. In my opinion, the trial court's determinations that, for purposes of alimony, Plaintiff is the dependent spouse and Defendant is the supporting spouse should be reversed. The trial court's award of alimony should also be reversed, and I would remand this case to the trial court. On remand, I would instruct the trial court to enter one order containing all of its findings. I would further remind the trial court that postseparation support terminates upon the entry of an award of alimony. If the trial court chooses to delay an alimony award until the marital home sells, the trial court should also delay its determination of the spouses' statuses until that time. I note with interest that this result comports with the result urged by Plaintiff in her first brief to this Court, in which she wrote:

> The trial court set no deadline for the sale of the former marital home, thus allowing [Defendant] to pay [Plaintiff] alimony [sic] in the sum of $350.00 indefinitely, and preventing [Plaintiff] from receiving her $924.91 monthly share of [Defendant's] retirement benefits. While [Plaintiff] contends that the trial court was correct in [its] determination that she is the dependant [sic] spouse and [Defendant] is the supporting spouse, based on the foregoing "distribution" of marital assets, she recognizes *the need for the trial court to properly deal with equitable distribution* before there is any reconsideration of classification as a dependant [sic] spouse.

(Emphasis added.) I dissent from the majority's opinion to the extent it affirms the trial court's award of postseparation support and alimony. Otherwise, I concur.