IDA M. GILBERT, by Her Next Friend, BERTHA GILBERT SMITH, v. D. W. WEST.

(Filed 7 April, 1937.)

1. **Cancellation of Instruments § 14—Where deed is set aside consideration therefore should be credited to rent for which grantee is liable.**

   Where a deed is set aside upon the verdict of the jury establishing mental incapacity of the grantor of which the grantee had knowledge and undue influence of the grantee, the grantee is entitled to have the consideration paid for the deed credited to the rental value of the property during his occupancy, since the object of the law is to put the parties *in statu quo*, and not to punish the grantee for his wrongdoing.

2. **Same: Betterments § 4—Where deed is set aside for undue influence, grantee is not entitled to recover for improvements.**

   Where a deed is set aside upon the verdict of the jury establishing mental incapacity of the grantor of which the grantee had knowledge and for undue influence exerted by the grantee, the grantee is not entitled to credit for the amount expended by him in making permanent improvements on the land while he was in possession under the deed.

APPEAL by defendant from *Sinclair, J.,* at October Term, 1936, of CRAVEN. Modified and affirmed.

This is an action for the cancellation of a deed executed by the plaintiff purporting to convey to the defendant the life estate of the plaintiff in the land described in the complaint, for possession of said land, and for damages.

On 28 June, 1935, the plaintiff was the owner of an estate for her life in the land described in the complaint. The defendant was the owner of said land in fee, subject to the life estate of the plaintiff. On said day, the plaintiff executed a deed purporting to convey to the defendant her life estate in said land.

The defendant entered into possession of the land described in the complaint under and by virtue of the deed executed by the plaintiff, and was in such possession at the date of the commencement of this action. While in such possession, the defendant made permanent improvements on said land.

The issues arising upon the pleadings and submitted to the jury were answered as follows:

"1. Did the plaintiff have sufficient mental capacity to execute the paper writing in controversy? Answer: 'No.'

"2. If not, did the defendant D. W. West have knowledge of such mental incapacity? Answer: 'Yes.'

"3. Was the execution procured by undue influence of the defendant? Answer: 'Yes.'

"4. What was the rental value of the land described in the paper writing for the year 1935? Answer: '$100.00.'

"5. What consideration did the defendant D. W. West, pay for the execution of said deed? Answer: '$25.00.'

"6. What is the value, if any, of permanent improvements made on said land by the defendant? Answer: '$500.00.'

"7. What would be the rental value of the land for the year 1936 if it had remained in the same condition it was in before the improvements were placed upon it by the defendant? Answer: '$100.00.'"

On the verdict it was ordered, adjudged, and decreed by the court that the deed executed by the plaintiff to the defendant on 28 June, 1935, be and the same was canceled.

It was further considered, ordered, and adjudged by the court that the plaintiff recover of the defendant possession of the land described in the complaint as of 1 January, 1937.

It was further considered, ordered, and adjudged by the court that the plaintiff recover of the defendant as damages the sum of $200.00, and the costs of the action.

The defendant excepted to the judgment and appealed to the Supreme Court, assigning error in the judgment.

*H. P. Whitehurst and Ward & Ward for plaintiff.*
*R. A. Nunn for defendant.*

PER CURIAM. We are of opinion that on the verdict at the trial of this action, the defendant is entitled to have the sum paid by him to the plaintiff as the consideration for her deed to him, to wit, $25.00, applied as a credit on the amount found by the jury as the rental value of the land described in the complaint for the years during which the defendant was in possession of said land, to wit: 1935 and 1936.

When a court, in the exercise of its equitable jurisdiction, cancels a contract or deed, it should seek to place the parties *in statu quo,* as nearly as this can be done, for while one party to the contract or deed may have been wronged by the other, the court does not undertake by its judgment to punish the wrongdoer. The wrong is ordinarily adequately avenged when the *status quo* is restored. This principle is recognized by *Walker, J.,* in *Hodges v. Wilson,* 165 N. C., 323, 81 S. E., 340. It is applicable in the instant case.

There is no error in the judgment denying the defendant credit for the amount expended by him in making permanent improvements on the

land while he was in possession under a deed from the plaintiff which he had procured from the plaintiff by undue influence, when he knew that she was without sufficient mental capacity to execute a deed. The instant case is distinguishable from *Hinton v. West,* 210 N. C., 712, 188 S. E., 410.

The judgment as modified in accordance with this opinion is affirmed.

Modified and affirmed.