RONALD MACK MASON, SR. AND CAROL NIFONG MASON, PLAINTIFFS v. KENNETH YONTZ, T/D/B/A YONTZ & SONS, GENERAL CONTRACTORS, DEFENDANT AND THIRD-PARTY PLAINTIFF v. HARVEY McGEE AND MARTY LOWE, T/D/B/A M AND L MASONRY CONTRACTORS, THIRD-PARTY DEFENDANTS

No. 9022SC907

(Filed 7 May 1991)

**Contracts § 156 (NCI4th) — negligent construction of a swimming pool — instruction on damages**

The trial court erred in an action for the negligent construction of a swimming pool by instructing the jury on the negligence method of recovery rather than the contract method of recovery because the facts of the case do not fall within any of the four situations in which a promisee may sue a promisor for the negligent performance of a contract.

**Am Jur 2d, Contracts § 732.**

APPEAL by defendant and third-party plaintiff from judgment entered 15 February 1990 in DAVIDSON County Superior Court by *Judge Thomas W. Seay, Jr.* Heard in the Court of Appeals 20 February 1991.

*Ted S. Royster, Jr., for plaintiff-appellees.*

*Stoner, Bowers and Gray, P.A., by Carl W. Gray, for defendant-appellant.*

GREENE, Judge.

The defendant appeals from a judgment entered 15 February 1990 ordering the defendant to pay $18,000 to the plaintiffs on their claim for the negligent construction of a pool.

In May of 1987, the plaintiffs contracted with the defendant for the construction of a swimming pool on the plaintiffs' property

for $12,000. When the pool was roughly 80% completed, the plaintiffs paid the defendant the contract price. After the pool was filled with water, the plaintiffs noticed, among other things, that the pool leaked and was not level. The plaintiffs informed the defendant of their concerns, and the defendant made arrangements for repairs. However, the plaintiffs were not satisfied with the repair work and instructed the defendant to stop work.

The plaintiffs brought suit for negligent construction of the pool, breach of warranty, and fraud. After all of the evidence was presented, the plaintiffs chose to submit their case to the jury only on a tort theory with the issue being whether the defendant had negligently performed the contract. The jury returned a verdict for the plaintiffs and awarded them $18,000 as damages.

———————

The dispositive issue is whether the trial court correctly instructed the jury as to the measure of damages.

At the charge conference, the defendant requested that the trial court instruct the jury that damages should be determined on a contract method of recovery. The trial court denied the defendant's request and instead submitted an instruction based on a negligence method of recovery. For the following reasons, the instruction on damages based on a negligence method of recovery was error requiring a new trial.

The parties agree in their pleadings that they entered into a contract for the construction of a pool. Generally, a breach of contract does not give rise to damages based on a negligence method of recovery even where the breach "was due to negligence or lack of skill." *North Carolina State Ports Auth. v. Lloyd A. Fry Roofing Co.*, 294 N.C. 73, 81-83, 240 S.E.2d 345, 350-51 (1978); *see also Warfield v. Hicks*, 91 N.C. App. 1, 9-10, 370 S.E.2d 689, 694, *disc. rev. denied*, 323 N.C. 629, 374 S.E.2d 602 (1988) (claim for negligent construction of a house). However, such damages are appropriate for a breach of contract in four situations. A promisee may sue a promisor for the negligent performance of a contract where injury (1) occurs "to the person or property of someone other than the promisee," (2) occurs "to property of the promisee other than the property which was the subject of the contract, or was a personal injury to the promisee," (3) "was loss of or damage to the promisee's property, which was the subject of the

contract, the promisor being charged by law, as a matter of public policy, with the duty to use care in the safeguarding of the property from harm, as in the case of a common carrier, an innkeeper or other .bailee," or (4) "was a wilful injury to or a conversion of the property of the promisee, which was the subject of the contract, by the promisor." *Roofing*, 294 N.C. at 82, 240 S.E.2d at 350-51. The facts of this case do not fall into any of these four situations. Accordingly, on remand, if the plaintiff is successful in showing a breach of contract or warranty, the proper measure of damages in this case would be either "(1) the difference between the value of the . . . [pool] as warranted or contracted for and its value as actually built," or "(2) the cost of repairs required to bring the property into compliance with the warranty or contract." *Warfield*, 91 N.C. App. at 11, 370 S.E.2d at 695.

New trial.

Judges WELLS and WYNN concur.