FRANK A. LUMSDEN AND WIFE FRANCES LUMSDEN, PLAINTIFFS v. RICHARD
LAWING AND WIFE ANN LAWING, DEFENDANTS

No. 935SC1238

(Filed 3 January 1995)

1. **Cancellation and Rescission of Instruments § 13
(NCI4th)— reconveyance of property ordered as condition
to restitution—property sold at foreclosure—jurisdiction
of trial court to order Rule 60(b) relief**

The trial court erred in concluding that it did not have juris-
diction to alter or modify its earlier judgment which had been
upheld on appeal where that judgment required that plaintiffs
reconvey property to defendants and that defendants pay certain
monies to plaintiffs, since, after the trial court rendered its judg-
ment, the property was foreclosed upon, deeded to the Secretary
of Veterans Affairs, and then deeded to several grantees so that it
was impossible for plaintiffs to satisfy the requirement of recon-
veyance; the motion was properly addressed to the trial court,
since the case had been remanded from the Court of Appeals to
the trial court; and it was within the discretion of the trial court
to determine what relief was appropriate.

**Am Jur 2d, Cancellation of Instruments §§ 37 et seq.**

2. **Cancellation and Rescission of Instruments § 22
(NCI4th)— reconveyance of property ordered as condition
to restitution—property sold at foreclosure—refusal to
grant relief from order—abuse of discretion**

The trial court abused its discretion in failing to grant plain-
tiffs relief from an earlier order requiring them to reconvey prop-
erty to defendants as a condition of restitution, since the property
had been sold at foreclosure with notice of foreclosure having
been given to defendants; there was evidence that possession of
the property itself may not have been significant to defendants;
and granting them credit for the value of the property would
cause them no harm.

**Am Jur 2d, Cancellation of Instruments §§ 66 et seq.**

Appeal by plaintiffs from order entered 12 April 1993 by Judge
Ernest B. Fullwood in New Hanover County Superior Court. Heard in
the Court of Appeals 13 September 1994.

*Shipman & Lea, by Gary K. Shipman, for plaintiffs-appellants.*

*Bain & Wertz, by Roy C. Bain, for defendants-appellees.*

LEWIS, Judge.

Plaintiffs appeal from the denial of their Rule 60 motion for relief from the trial court's original judgment. Although the trial court's ruling on such a motion is within its sound discretion, for the reasons stated we find that the trial court abused its discretion in denying plaintiffs' motion and hereby reverse the order of the trial court.

The undisputed facts reveal that defendants sold real property to plaintiffs in 1987. The property, however, was unsuitable for use as a single family residence as warranted. On 24 August 1990, the trial court granted plaintiffs rescission of the contract and restitution, "provided that the Plaintiffs shall execute and deliver a Warranty Deed free of any outstanding encumbrances to the Defendants, reconveying the subject property." The court ordered defendants to pay to plaintiffs the full purchase price plus interest, ad valorem taxes and repair expenses, less the reasonable rental value of the property for the period that plaintiffs lived there. On 31 October 1990, the trial court amended its judgment to require plaintiffs to pay interest on the reasonable rental value of the premises.

Both parties appealed to this Court, but neither party sought or obtained a stay of the judgment. While the appeal was pending in this Court, plaintiffs made a mortgage payment for the last time, on 1 November 1991, and vacated the premises in June 1992. On 22 June 1992 Countrywide Funding Corporation (hereinafter "Countrywide") instituted foreclosure proceedings. The trial court denied plaintiffs' request to enjoin the foreclosure proceedings or to require defendants to satisfy the judgment or otherwise prevent foreclosure. Countrywide bought the property in on 17 August 1992. Foreclosure was concluded on 30 September 1992, and the property was then deeded to the Secretary of Veterans Affairs.

On 6 October 1992, this Court filed an opinion in which it affirmed the trial court's judgment ordering restitution and rescission upon reconveyance of the property. *Lumsden v. Lawing*, 107 N.C. App. 493, 421 S.E.2d 594 (1992). The case was heard by the Court on 16 October 1991; thus, the record did not contain information regarding the foreclosure. The Court modified the trial court's judgment by ordering that restitution should include sums expended on mortgage

interest and insurance premiums. Because it found insufficient evidence of the reasonable rental value of the property, the Court remanded for additional evidence on this issue.

In December 1992, the Secretary of Veterans Affairs deeded the property to third persons not involved in this lawsuit. On 5 March 1993 the trial court heard additional evidence on the reasonable rental value of the property and determined that $600 was a reasonable amount. On 17 March 1993, defendants filed a Rule 60 motion for relief from the 24 August 1990 judgment on the basis that the property had been foreclosed upon and plaintiffs could not reconvey the property as ordered by the trial court. Plaintiffs also filed a Rule 60 motion for relief, requesting that the trial court strike that portion of its judgment requiring them to reconvey the property and instead credit defendants with the value of the property.

On 12 April 1993 the trial court ruled on the parties' motions. The court noted that its judgment requiring reconveyance of the property by plaintiffs had been affirmed on appeal. The court found that plaintiffs had not reconveyed the property, and that the property is now owned and possessed by independent third persons. Further, the court found that the clerk of superior court had docketed the judgment so that it appeared to create a judgment lien against defendants in favor of plaintiffs, thereby interfering with defendants' business activities. Finding that the trial court did not intend to create an immediate unconditional obligation on defendants to pay restitution, but rather intended restitution to be effective only upon reconveyance of the property, the court cancelled the judgment entered 24 August 1990 "unless and until" plaintiffs reconveyed the property.

The court also found that it could not grant plaintiffs' request to modify the judgment to credit defendants with the value of the property. The court concluded as a matter of law that it lacked jurisdiction to "alter or modify its judgment which has been upheld on appeal." Thus, the court ordered that defendants would not be obligated to pay restitution to plaintiffs until plaintiffs actually reconveyed the property, notwithstanding the fact that plaintiffs no longer owned the property in question.

Plaintiffs now appeal the court's order allowing defendants' Rule 60 motion for relief and denying that of plaintiffs. The issues on appeal are (1) whether the trial court erred in concluding that it lacked jurisdiction to modify or alter its judgment; and (2) whether the court erred in denying plaintiffs' Rule 60 motion for relief.

I.

**[1]** Plaintiffs contend the trial court erred in concluding that it did not have jurisdiction to alter or modify its 24 August 1990 judgment since it had been upheld on appeal. We have found nothing to indicate that a judgment upheld on appeal would not be subject to the provisions of Rule 60 under appropriate circumstances. The only applicable section of Rule 60 is Rule 60(b)(6), which authorizes relief from final judgments for "[a]ny other reason justifying relief from the operation of the judgment." N.C.G.S. § 1A-1, Rule 60(b)(6) (1990). This subsection has been referred to as a "vast reservoir of equitable power." *Thacker v. Thacker*, 107 N.C. App. 479, 481, 420 S.E.2d 479, 480, *disc. review denied*, 332 N.C. 672, 424 S.E.2d 407 (1992).

In the case at hand, after the trial court rendered its judgment, the property was foreclosed upon, on 30 September 1992, and deeded to the Secretary of Veterans Affairs. After this Court entered its 6 October 1992 opinion, the Secretary of Veterans Affairs deeded the property to several grantees. Because the property is owned and possessed by independent third persons, it is impossible for plaintiffs to satisfy the requirement of reconveyance. We believe that this change in circumstances is a good example of a situation which would justify relief under Rule 60(b)(6). We note that the motion was properly addressed to the trial court, since the case had been remanded from this Court to the trial court.

Defendants argue, however, that by their motion plaintiffs sought to change an equitable remedy, rescission, to a legal remedy, damages. Defendants object on the basis that such a change would "completely alter the findings of the trial court," and would amount to a transformation rather than a modification of the trial court's judgment. Defendants claim that the trial court may not now receive evidence on the damages suffered by plaintiffs and argue that it would be inequitable to force them to accept credit for the value of the property.

We do not agree that giving credit to defendants for the value of the property would amount to an award of damages to plaintiffs. In an action for damages, plaintiffs would seek to recover, for example, the benefit of the bargain, *see, e.g., First Union Nat'l Bank v. Naylor*, 102 N.C. App. 719, 404 S.E.2d 161 (1991), or the difference between the value of the property as warranted and as received, *see, e.g., Mason v. Yontz*, 102 N.C. App. 817, 403 S.E.2d 536 (1991). Plaintiffs have not requested such damages, but have only requested the restitution to

which they are entitled under the trial court's August 1990 judgment. Crediting defendants with the value of the property is an equitable method of achieving restitution, because it would return defendants as close as possible to status quo, and would enable plaintiffs to recover the balance of the restitution ordered by the trial court. *See Hakala v. Illinois Dodge City Corp.*, 380 N.E.2d 1177 (Ill. App. 1978) (stating that where return to status quo impossible in rescission action because subject property sold, crediting defendants with purchase price an equitable solution under the circumstances). Furthermore, we see no merit to defendants' distinction between a "modification" and a "transformation" of a judgment. Rule 60 permits "relief," and leaves the trial court with the discretion to determine what relief is appropriate. *Cf. State ex rel. Envtl. Mgmnt. Comm'n v. House of Raeford Farms, Inc.*, 101 N.C. App. 433, 400 S.E.2d 107 (may not use a Rule 60 request for relief to seek an amendment of a judgment), *disc. review denied*, 328 N.C. 576, 403 S.E.2d 521 (1991).

We find that the trial court erred as a matter of law in concluding that it lacked jurisdiction to alter or modify its judgment under these unusual circumstances.

II.

[2] Rule 60 motions are addressed to the sound discretion of the trial court and will not be disturbed absent a finding of abuse of discretion. *City Fin. Co. v. Boykin*, 86 N.C. App. 446, 358 S.E.2d 83 (1987). Having concluded that the trial court had the power to grant relief pursuant to Rule 60, we now examine whether the court abused its discretion in failing to do so. Relief is appropriate under Rule 60(b)(6) if "extraordinary circumstances exist" and "justice demands relief." *Thacker*, 107 N.C. App. at 481, 420 S.E.2d at 480. Plaintiffs contend that the trial court erroneously applied the rule that plaintiffs must restore defendants to status quo as a condition of restitution. Plaintiffs contend that there is no absolute requirement that they return defendants to status quo and that requiring plaintiffs to do so in this case would be inequitable.

Rescission of a contract implies the entire abrogation of the contract from the beginning. *Lumsden*, 107 N.C. App. at 502, 421 S.E.2d at 599. Caselaw indicates that "[a]s a general rule, a party is not allowed to rescind where he is not in a position to put the other in *statu quo* by restoring the consideration passed." *Opsahl v. Pinehurst, Inc.*, 81 N.C. App. 56, 65, 344 S.E.2d 68, 74 (1986) (quoting *Bolich v. Prudential Ins. Co.*, 206 N.C. 144, 156, 173 S.E. 320, 327

(1934)), *disc. review improvidently allowed,* 319 N.C. 222, 353 S.E.2d 400 (1987). The trial court's order follows this rule by requiring plaintiffs to reconvey the property to defendants as a condition of restitution.

The rule requiring return to status quo ante is a general rule, not an absolute rule. *See id.; Gilbert v. West,* 211 N.C. 465, 466, 190 S.E. 727, 728 (1937) (stating that when a court cancels a contract or deed, it should seek to place the parties *as nearly as possible* in status quo); *see also Lumsden,* 107 N.C. App. at 503, 421 S.E.2d at 600 (this Court declining to strictly apply the rules of restitution). *But see Dean v. Mattox,* 250 N.C. 246, 108 S.E.2d 541 (1959) (applying general rule, noting that rescission of a timber deed, due to mutual mistake of parties, not an available remedy where timber already cut and return to status quo impossible). A preeminent authority on the law of contracts states that if complete restoration to status quo is impossible, the terms of a rescission remedy rest in the sound discretion of the courts. *Williston on Contracts* § 1460A, at 136 (Walter H. E. Jaeger, ed., 3d ed. 1970). *See also Jennings v. Lee,* 461 P.2d 161 (Ariz. 1969) (court allowed rescission even though return to status quo impossible, because strict application of the rule requiring complete restoration would be inequitable).

Although there is no North Carolina authority addressing a situation where the property which is the subject of a rescission action has been foreclosed upon, other jurisdictions have addressed such issues. For example, in *Jennings,* the court determined that the plaintiff was entitled to rescind, on the basis of fraud, a contract to purchase a restaurant. The defendants, however, argued that the plaintiff should not be permitted to rescind the transaction because she had allowed the mortgagee to foreclose upon the property in question, thereby preventing a return to status quo ante. The court disagreed and allowed rescission, noting that the defendants were aware of the plaintiff's desire to rescind and knew the consequences of failing to make mortgage payments. 461 P.2d at 166. In *Davey v. Brownson,* 478 P.2d 258 (Wash. App. 1970) (*review denied* 2 March 1971), the court allowed rescission even though the property had been forfeited by prior contract owners. The court noted that both the plaintiff and the defendant knew of the forfeiture, and stated that the plaintiff obviously could not rescind the transaction and still make the payments on the property. The court stated that the defendant "having knowledge of the action to rescind was in a position to have prevented forfeiture by the prior contract owner." 478 P.2d at 261.

We agree with plaintiffs that the extraordinary circumstances of this case require relief. Although plaintiffs no longer own the property and cannot reconvey it, they should be permitted to recover the balance awarded in restitution. To uphold the trial court's judgment would be to permit defendants to profit from their wrongdoing in conveying property unsuitable for single family residential purposes: because plaintiffs cannot reconvey, defendants would keep the payments they received. On the other hand, granting defendants credit for the value of the property would not work an inequity upon defendants, but would place defendants in nearly the same position they would have been in had plaintiffs reconveyed the property and recovered their money.

We note that plaintiffs had filed an action to enjoin the foreclosure proceedings or, alternatively, to require defendants to take appropriate action to prevent the foreclosure. Thus, as in *Jennings* and *Davey*, defendants in the case at hand knew of the foreclosure proceedings and knew the consequences of failing to make mortgage payments. We also note that plaintiffs presented evidence that defendants were interested in selling the property. Possession of the property itself may not have been significant to defendants, and granting them credit for the value of the property would cause them no harm. *See Hakala*, 380 N.E.2d at 1182 (crediting defendants with value of property caused no harm since defendants would have sold it anyway).

Instead of requiring the actual conveyance of the property to defendants in return for the purchase price and other amounts ordered as part of the restitution, we find that it would be equitable to credit defendants with the value of the property. Once defendants are credited with the value of the property, plaintiffs are entitled to the balance of the restitution as ordered by the trial court and this Court less the reasonable rental value, with interest, of the premises for the period of plaintiff's occupancy.

The trial court had the power, under Rule 60(b)(6), to grant plaintiffs relief from its original judgment. In light of the extraordinary circumstances of this case, we find that justice demands relief and that the trial court abused its discretion in failing to grant relief. We reverse the trial court's order denying plaintiffs' motion for relief and cancelling the judgment. We remand for a determination of the value of the property and a calculation of amounts owed plaintiffs, as pre-

viously ordered by this Court and the trial court, after crediting defendants with the value of the property and amounts for the reasonable rental value, with interest, of the premises. Because we are ruling in favor of plaintiffs, we find it unnecessary to address plaintiffs' other arguments on appeal.

Reversed and remanded.

Judges JOHNSON and GREENE concur.