IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-715

Filed 18 June 2025

Catawba County, No. 22CVD001087-170

THOMAS THEUERKORN, Plaintiff,

v.

MELISSA BETH HELLER, Defendant.

Appeal by plaintiff from orders entered 14 June 2024 by Judge David W. Aycock in Catawba County District Court. Heard in the Court of Appeals 22 May 2025.

*Collins Family & Elder Law Group, by Rebecca K. Watts, for plaintiff-appellant.*

*Wesley E. Starnes, PC, by Wesley E. Starnes, for defendant-appellee.*

FLOOD, Judge.

Plaintiff Thomas Theuerkorn appeals from the trial court's amended equitable distribution, alimony, and child support order entered 14 June 2024 (the "Amended Order"); and from the trial court's order, entered 14 June 2024, granting Defendant Mellisa Beth Heller's Rule 60 motion (the "Rule 60 Order") to amend the equitable distribution, alimony, and child support order entered 27 March 2024 (the "Original Order"). On appeal, Plaintiff argues the trial court erred in: first, modifying the Original Order "under the guise of correcting a clerical error"; second, ordering a distributive award; third, awarding alimony, where the Amended Order incorrectly

calculated Plaintiff's income and failed to include findings as to the parties' expenses; fourth, calculating child support using incorrect income information; and fifth, ordering Defendant's equitable distribution affidavit to be treated as the pretrial order, and "refusing to allow [Plaintiff] to present evidence." Upon review, we conclude: first, the trial court did not abuse its discretion in granting Defendant's Rule 60 motion because the Amended Order corrected only a clerical error in the Original Order; second, the trial court did not err in ordering a distributive award because Plaintiff's ability to pay the award can be ascertained from the Record; third, the trial court erred in awarding alimony where it failed to make findings of fact as to Plaintiff's income; fourth, the trial court erred in calculating child support where it failed to make findings of fact as to Plaintiff's income; and fifth, Plaintiff's argument concerning the pretrial order is not preserved for appellate review. We therefore affirm the Rule 60 Order, affirm the Amended Order in part, vacate and remand the Amended Order as to alimony and child support, and dismiss Plaintiff's argument regarding the pretrial order.

## I. **Factual and Procedural Background**

Plaintiff and Defendant married on 11 June 2011 and separated on 11 March 2022. Both parties were employed during their marriage and had three children together. On 20 May 2022, Plaintiff initiated the underlying action by filing an action for child custody and equitable distribution. On 2 September 2022, the trial court entered an order for child custody by agreement of the parties. On 6 October 2022,

Defendant filed an answer and counterclaim for child custody, child support, equitable distribution, postseparation support, and alimony. On 8 May 2023, the trial court entered an order for postseparation support and temporary child support.

On 31 October 2022, Defendant filed a financial affidavit listing her gross monthly income as $3,519.17. On 7 November 2022, Plaintiff filed a financial affidavit listing his gross monthly income as $15,298. On 19 April 2023, Defendant filed an equitable distribution affidavit; Plaintiff did not file an equitable distribution affidavit. On 24 May 2023, Defendant filed a motion for the trial court to adopt her equitable distribution affidavit as the pretrial order. The trial court heard Defendant's motion on 16 January 2024, at which hearing "[P]laintiff was not present, but was duly noticed." Several days later, on 19 January 2024, the trial court entered an order adopting Defendant's equitable distribution affidavit as the pretrial order, and on 12 February 2024, entered an order granting Defendant's motion (the "February 2024 Order"). In the February 2024 Order, the trial court ordered, in relevant part, that "Plaintiff shall not introduce any evidence as to his retirement accounts[.]"

On 13 February 2024, the matters regarding equitable distribution, child support, and alimony came on for hearing. Plaintiff testified, in pertinent part, to the following:

> And here's a paycheck of mine. This is a recent one, as in
> this January. And my situation currently is such, that . . .
> it looks like this; I get $3,134.00 a month in my paycheck. .

. . Now, there [are] bonus payments that are potentially
coming this year, not guaranteed as always are bonus, but
I have to make it there first.

Defendant, on cross-examination, introduced into evidence Plaintiff's pay stub "for the period ending on . . . December 31st, 2023[,]" as well as Plaintiff's W-2 showing his 2023 income. Defendant's counsel engaged in the following exchange with Plaintiff:

> Q: All right. And let me show you what's marked as
> Defendant's Exhibit 23[.]
> . . . .
> Q. . . . And it shows that your Medicare wages and tips for
> 2023 were $248,739.71, is that correct?
>
> A. . . . [T]hat is correct in the sense that this is the total
> number, but this is not what I get; not before tax or
> anything. This is including everything, my retirement,
> everything.
> . . . .
> Q. It is your gross income, correct?
>
> A. Yeah[.]

Plaintiff also testified as to his expenses, Defendant testified as to her income, and the trial court took judicial notice of Defendant's financial affidavit—which included her expenses.

In the Original Order, the trial court distributed assets and debts between the parties, and ordered Plaintiff to pay a distributive award of $132,840.26. In its award of alimony, the trial court found, in relevant part:

> 31. . . . Plaintiff is employed at Corning and earns $20,728.31 gross per month. After his deductions from income, Plaintiff has a net income of $12,458.76 per month.

The trial court did not make any findings regarding the parties' expenses, only providing:

> 44. That the [trial c]ourt consider[ed] the financial affidavits filed by the parties and finds that [D]efendant is a dependent spouse and [P]laintiff is the supporting spouse.
>
> 45. That Defendant is in need of support from [P]laintiff and that [P]laintiff is capable of providing the same.

In its alimony award, the trial court did not state an actual amount that was awarded, but instead left a blank space where the amount should have been filled in. Plaintiff filed a notice of appeal from the Original Order on 22 April 2024.[1]

Following entry of the Original Order, on 2 May 2024, Defendant filed a Rule 60(a) motion requesting the trial court to fill in the blank space for alimony. On 14 June 2024, the trial court granted Defendant's motion, entered the Rule 60 Order, and that same day entered the Amended Order, which was identical to the Original Order, except that the blank space had been filled with an award of alimony of $1,250.00 per month. Plaintiff timely appealed from both the Rule 60 Order and the Amended Order.

## II. **Jurisdiction**

---

[1] Defendant also filed a notice of appeal on 2 May 2024, but withdrew her notice of appeal on 20 June 2024.

This Court has jurisdiction to review this appeal from final judgments of a district court, pursuant to N.C.G.S. § 7A-27(b) (2023).

### III. <u>Analysis</u>

On appeal, Plaintiff argues the trial court erred in: (A) modifying the Original Order "under the guise of correcting a clerical error"; (B) ordering a distributive award; (C) awarding alimony, where the Amended Order incorrectly calculated Plaintiff's income and failed to include findings as to the parties' expenses; (D) calculating child support using incorrect income information; and (E) ordering Defendant's equitable distribution affidavit to be treated as the pretrial order, and "refusing to allow [Plaintiff] to present evidence." We address each argument, in turn.

### A. Rule 60 Motion

Plaintiff first argues the trial court erred in modifying the Original Order "under the guise of correcting a clerical error[.]" Specifically, Plaintiff argues the trial court erred by making a substantive change—an award of alimony of $1,250.00 per month—to the Original Order. We disagree.

"Rule 60 motions are addressed to the sound discretion of the trial court and will not be disturbed absent a finding of abuse of discretion." *Lumsden v. Lawing*, 117 N.C. App. 514, 518 (1995). "An abuse of discretion is a decision manifestly unsupported by reason or one so arbitrary that it could not have been the result of a

reasoned decision." *Hartsell v. Hartsell*, 189 N.C. App. 65, 68 (2008) (citation omitted).

Pursuant to Rule 60(a) of the North Carolina Rules of Civil Procedure:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the judge at any time on his own initiative or on the motion of any party and after such notice, if any, as the judge orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate division, and thereafter while the appeal is pending may be so corrected with leave of the appellate division.

N.C.R. Civ. P. 60(a). "Relief under Rule 60(a) is limited to the correction of clerical errors, and it does not permit the correction of serious or substantial errors." *Bossian v. Bossian*, 284 N.C. App. 208, 220 (2022) (citation omitted) (cleaned up); *see also In re D.D.J.*, 177 N.C. App. 441, 444 (2006) (providing that the trial court does "not have the power under Rule 60(a) to affect the substantive rights of the parties or to correct substantive errors in their decisions"). "A clerical error is an error resulting from a minor mistake or inadvertence, especially in writing or copying something on the record, and not from judicial reasoning or determination." *In re D.D.J.*, 177 N.C. App. at 444 (citation omitted) (cleaned up).

"A trial court abuses its discretion and enters an order outside the scope of the Rule when it alters the effect of the original order." *In re Estate of Meetze*, 272 N.C. App. 475, 479 (2020) (citation omitted); *see also Food Servs. Specialists v. Atlas Rest. Mgmt., Inc.*, 111 N.C. App. 257, 259 (1993) ("We have repeatedly rejected attempts to

change the substantive provisions of judgments under the guise of clerical error." (citation omitted)). This Court, however, has consistently concluded that "[t]he amount of money involved is not what creates a substantive right. Instead, it is the source from which this money is derived that determines whether a change in the amount owed is substantive for the purposes of Rule 60(a)." *Robertson v. Steris Corp.*, 237 N.C. App. 263, 270–71 (2014) (quoting *Lee v. Lee*, 167 N.C. App. 250, 254 (2004)) (cleaned up); *see also Ice v. Ice*, 136 N.C. App. 787, 792 (2000).

Here, the trial court properly granted Defendant's Rule 60(a) motion to correct a clerical error. *See Bossian*, 284 N.C. App. at 220. The Original Order provided, in relevant part, the following:

> 26. Plaintiff shall pay Defendant forty-eight (48) monthly alimony payments of $_____ beginning April 15, 2024, and continuing thereafter on the 15th day of each month, with the final payment being April 15, 2028, by electronic transfer or any other method that the parties agree upon in writing. A text message shall constitute a sufficient writing.

The Amended Order was identical to the Original Order, except for the following change in language:

> 26. Plaintiff shall pay Defendant forty-eight (48) monthly alimony payments of $1,250.00 beginning April 15, 2024, and continuing thereafter on the 15th day of each month, with the final payment being April 15, 2028, by electronic transfer or any other method that the parties agree upon in writing. A text message shall constitute a sufficient writing.

Because the Original Order already provided that Plaintiff was required to pay Defendant an alimony award, the Amended Order—which still required Plaintiff to pay Defendant an alimony award—did not "alter[] the effect of the original order" or change the source from which the award was derived. *See In re Estate of Meetze*, 272 N.C. App. at 479; *Robertson*, 237 N.C. App. at 270–71. By filling in only the blank space to set the award of alimony in its Amended Order, the trial court made a change that, at most, affected only "the amount of money involved[,]" which does not affect a substantive right. *See Robertson*, 237 N.C. App. at 270–71; *In re D.D.J.*, 177 N.C. App. at 444. The error in the Original Order was, instead, the type of error that resulted "from a minor mistake or inadvertence," rather than from "judicial reasoning or determination." *See In re D.D.J.*, 177 N.C. App. at 444.

Accordingly, because the trial court, by entry of the Amended Order, did not alter "the effect of the [O]riginal [O]rder" and only altered the amount of money involved, the trial court did not abuse its discretion in granting Defendant's Rule 60(a) motion and in entering the Rule 60 Order and Amended Order. *See In re Estate of Meetze*, 272 N.C. App. at 479; *Robertson*, 237 N.C. App. at 270–71; *see also Lumsden*, 117 N.C. App. at 518. We therefore affirm the correction of the clerical error in the Amended Order pursuant to Rule 60(a), but as we discuss below, vacate and remand the trial court's awards of alimony and child support.

### B. Distributive Award

Plaintiff next argues the trial court erred in ordering a distributive award "without finding that [Plaintiff] had liquid assets from which to pay the award." We disagree.

"Equitable distribution is governed by [N.C.G.S. § 50-20 (2023)], which requires the trial court to conduct a three-step process: (1) classify property as being marital, divisible, or separate property; (2) calculate the net value of the marital and divisible property; and (3) distribute equitably the marital and divisible property." *Brackney v. Brackney*, 199 N.C. App. 375, 381 (2009).

> A trial court's determination that specific property is to be characterized as marital, divisible, or separate property will not be disturbed on appeal if there is competent evidence to support the determination. Ultimately, the court's equitable distribution award is reviewed for an abuse of discretion and will be reversed only upon a showing that it is so arbitrary that it could not have been the result of a reasoned decision.

*Id.* at 381 (citations and internal quotation marks omitted).

Pursuant to N.C.G.S. § 50-20(e), "it shall be presumed in every action that an in-kind distribution of marital or divisible property is equitable." N.C.G.S. § 50-20(e). This presumption is rebuttable "by the greater weight of the evidence, or by evidence that the property is a closely held business entity or is otherwise not susceptible of division in-kind." N.C.G.S. § 50-20(e). The statute further provides that "[i]n any action in which the presumption is rebutted, the court in lieu of in-kind distribution

shall provide for a distributive award in order to achieve equity between the parties." N.C.G.S. § 50-20(e).

"The trial court is required to make findings as to whether the [party] has sufficient liquid assets from which he can make the distributive award payment." *Urciolo v. Urciolo*, 166 N.C. App. 504, 507 (2004). If, however, "a party's ability to pay an award with liquid assets can be ascertained from the record, then the distributive award must be affirmed." *Pellom v. Pellom*, 194 N.C. App. 57, 69 (2008). "[T]he money derived from refinancing the mortgage on the marital home is a source of liquid funds available to a defendant." *Peltzer v. Peltzer*, 222 N.C. App. 784, 791 (2012) (citation omitted) (cleaned up). Similarly, this Court has provided that an inherited trust retirement account is a liquid asset where it "was available as a resource from which the trial court could order a distributive award." *Comstock v. Comstock*, 240 N.C. App. 304, 321 (2015).

Here, the unchallenged findings of fact demonstrate that Plaintiff was awarded: fifty percent of a "401(k) Investment Plan with Corning," which had a total value of $890,472.43; fifty percent of a "Pension Plan with Corning," which had a total value of $202,602.14; and a home valued at $255,706.77, excluding the value of the mortgage as of the date of separation, which was valued at $158,993.23. Plaintiff was ordered to pay a distributive award of $132,840.26 to Defendant. Given that Plaintiff was awarded the home, and given its value of $255,706.77 with a remaining mortgage of $158,993.23, Plaintiff could seek to refinance the mortgage in order to obtain "a

source of liquid funds[.]" *See Peltzer*, 222 N.C. App. at 791. Further, given that the retirement accounts were valued at over $1,093,074, even though Plaintiff was awarded half of the value of these accounts, the remaining value of the accounts is "a resource from which the trial court could order a distributive award." *See Comstock*, 240 N.C. App. at 321.

Accordingly, because Plaintiff's "ability to pay an award with liquid assets can be ascertained from the record," the trial court did not abuse its discretion in awarding a distributive award. *See Pellom*, 194 N.C. App. at 69; *Brackney*, 199 N.C. App. at 381. We therefore affirm the trial court's distributive award.

## C. Alimony

Plaintiff next argues the trial court erred in awarding alimony where the Amended Order incorrectly calculated Plaintiff's income and failed to include findings as to the parties' expenses. We agree.

"In all non-jury trials, the trial court must specifically find those material and ultimate facts from which it can be determined whether the findings are supported by the evidence and whether they support the conclusions of law reached." *Carpenter v. Carpenter*, 245 N.C. App. 1, 4 (2016) (internal quotation marks omitted). "A trial court's determination of whether a party is entitled to alimony is reviewable *de novo* on appeal." *Id.* at 4. "Under a de novo review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *In re S.W.*, 914 S.E.2d 457, 461 (N.C. Ct. App. 2025) (citation omitted). "The amount of alimony

is determined by the trial judge in the exercise of his sound discretion and is not reviewable on appeal in the absence of an abuse of discretion." *Wise v. Wise*, 264 N.C. App. 735, 738 (2019) (citation omitted).

Whether a party is entitled to alimony is governed by N.C.G.S. § 50-16.3(A) (2023). According to the statute, "a party is entitled to alimony if three requirements are satisfied: (1) that party is a dependent spouse; (2) the other party is a supporting spouse; and (3) an award of alimony would be equitable under all the relevant factors." *Barrett v. Barrett*, 140 N.C. App. 369, 371 (2000); *see also* N.C.G.S. § 50-16.3(A)(a).

> A "dependent spouse" must be either actually substantially dependent upon the other spouse or substantially in need of maintenance and support from the other spouse. A party is "actually substantially dependent" upon her spouse if she is currently unable to meet her own maintenance and support. A party is "substantially in need of maintenance and support" if she will be unable to meet her needs in the future, even if she is currently meeting those needs.

*Carpenter*, 245 N.C. App. at 4 (citations omitted); *see also* N.C.G.S. § 50-16.1(A)(2) (2023). "To properly find a spouse dependent[,] the court need only find that the spouse's reasonable monthly expenses exceed her monthly income and that the party has no other means with which to meet those expenses." *Helms v. Helms*, 191 N.C. App. 19, 24 (2008) (citation omitted) (cleaned up). "It necessarily follows that the trial court must look at the parties' income and expenses in light of their accustomed standard of living." *Id.* at 24.

"[T]he trial court must base this determination [of dependency] on findings of fact sufficiently specific to indicate that the court considered the factors set out" in *Williams v. Williams*, 299 N.C. 174 (1980). *Hunt v. Hunt*, 112 N.C. App. 722, 726 (1993) (citation and internal quotation marks omitted). These factors include:

> (1) [T]he accustomed standard of living of the parties prior to the separation, (2) the income and expenses of each of the parties at the time of the trial, (3) the value of the estates, if any, of both spouses at the time of the hearing, and (4) the length of the marriage and the contribution each party has made to the financial status of the family over the years.

*Id.* at 726–27 (citing *Williams*, 299 N.C. at 183–85).

Once the trial court has determined that a dependent spouse is entitled to alimony, the trial court must "exercise its discretion in determining the amount, duration, and manner of payment of alimony." N.C.G.S. § 50-16.3(A)(b). To determine the amount, duration, and manner of payment of alimony, the trial court is required to consider the sixteen factors set forth in N.C.G.S. § 50-16.3(A)(b). *See* N.C.G.S. § 50-16.3(A)(b).

### 1. Plaintiff's Income

"Alimony is ordinarily determined by a party's actual income, from all sources, at the time of the order." *Works v. Works*, 217 N.C. App. 345, 347 (2011) (citation omitted). "To base an alimony obligation on earning capacity rather than actual income, the trial court must first find that the party has depressed her income in bad faith." *Id.* at 347 (citation omitted). This Court has concluded that the trial court did

not abuse its discretion in using a party's income from years prior to those of the hearing where "the trial court expressed concerns about [the party's] reported income and found that [the party's] numbers were not credible." *Zurosky v. Shaffer*, 236 N.C. App. 219, 243 (2014).

In *Green v. Green*, the trial court made no findings of fact regarding the defendant's "current income at the time of the order" and based its decision on whether the defendant had the ability to pay alimony based "on an average of [the d]efendant's two prior years' income." 255 N.C. App. 719, 734 (2017). On appeal, this Court provided that "the trial court did not make findings of fact as to whether [the d]efendant's professed actual income at the time of the order was reliable or unreliable before basing its decision regarding [the d]efendant's ability to pay alimony on an average of prior years' income." *Id.* at 734. This Court concluded that the trial court "abused its discretion in basing its decision regarding [the d]efendant's ability to pay alimony on an average of [the d]efendant's monthly gross income from prior years without first determining [the d]efendant's current monthly income, and whether that reported current income was credible." *Id.* at 734–35. This Court further concluded that "[o]n remand, the trial court must make findings of fact regarding [the d]efendant's" current income, and "may only use prior years' incomes if the trial court finds as fact that [the d]efendant's actual income is not credible, or is otherwise suspect." *Id.* at 735.

Here, the matter came on for hearing in February 2024. In its award of alimony, the trial court found, in relevant part:

> 31. . . . Plaintiff is employed at Corning and earns $20,728.31 gross per month. After his deductions from income, Plaintiff has a net income of $12,458.76 per month.

During the hearing, however, Plaintiff testified that that he earned "$3,134.00 a month[,]" based on a paycheck from January 2024. Defense counsel, on cross-examination, introduced evidence of Plaintiff's income solely via a pay stub "for the period ending on . . . December 31st, 2023[,]" and via Plaintiff's 2023 W-2. Defense counsel then elicited from Plaintiff that his 2023 gross income was $248,739.71. Although the trial court's Finding of Fact 31, on its face, purports to demonstrate Plaintiff's current 2024 earnings, it actually demonstrates Plaintiff's 2023 income: dividing $248,739.71 annual income by twelve months yields the result of $20,728.31 per month, the gross monthly amount included in Finding of Fact 31. This result also contrasts with Plaintiff's financial affidavit, which demonstrates a gross monthly income of $15,298—significantly higher than Plaintiff's testimony as to his January 2024 paycheck of "$3,134.00"—an amount less than that included in Finding of Fact 31.

Similar to *Green*, where the trial court based its decision on whether the defendant had the ability to pay alimony based on "an average of [the d]efendant's two prior years' income" rather than on the defendant's current income, so here did the trial court base its decision on whether Plaintiff had the ability to pay alimony

based on evidence of Plaintiff's 2023 income, rather than based on evidence of Plaintiff's "current income at the time of the order[.]" 255 N.C. App. at 734; *see also Works*, 217 N.C. App. at 347. While the trial court was permitted to consider Plaintiff's ability to pay based on evidence of his 2023 income, it was required to either make a finding as to Plaintiff's 2024 income, or make findings of fact that Plaintiff's "actual income [was] not credible, or [was] otherwise suspect" before making a finding as to Plaintiff's 2023 income, both of which the trial court failed to do in the case *sub judice*. *Green*, 255 N.C. App. at 735; *see also Works*, 217 N.C. App. at 347; *Zurosky*, 236 N.C. App. at 243.

Defendant argues this Court's holding in *Robinson v. Robinson* demonstrates that the trial court "was permitted to consider Plaintiff's yearly income" and could appropriately rely on evidence of Plaintiff's 2023 income in determining his current income. 210 N.C. App. 319, 329 (2011). Defendant's reliance on *Robinson*, however, is misplaced. In *Robinson*, the trial court determined that the plaintiff "consistently earned over $100,000 per year[.]" *Id.* at 327. The trial court made this determination by relying on the parties' tax returns from previous years. *Id.* at 327. On appeal, the plaintiff did not challenge the defendant's entitlement to alimony, but challenged only "the amount of alimony awarded." *Id.* at 326. This Court concluded that, in determining the "reasonable needs and expenses of the parties[,]" the trial court did not abuse its discretion "in relying upon [the plaintiff's] previous year tax records, [the plaintiff's] testimony as to his expenses, and the [trial] court's 'own common

sense and every-day experiences' in order to conclude that the alimony payment was affordable." *Id.* at 329 (citations omitted). This Court further provided that "[t]he trial court's inability to make more detailed findings of fact regarding [the plaintiff's] current actual ability to pay was due to his failure to attend and testify at the hearing or to submit more detailed financial information about his current expenses." *Id.* at 329.

Here, unlike in *Robinson*, Plaintiff has specifically challenged Defendant's entitlement to alimony, which warrants a de novo review, rather than solely a review based on the trial court's abuse of discretion. *See Carpenter*, 245 N.C. App. at 4; *Wise*, 264 N.C. App. at 738. Additionally, unlike in *Robinson*, where the plaintiff failed "to attend and testify at the hearing or to submit more detailed financial information[,]" here, Plaintiff: attended the hearing, testified as to his 2024 income, and had also provided a financial affidavit prior to the hearing. 210 N.C. App. at 329. The trial court, therefore, had the ability to make findings of fact about Plaintiff's 2024 income—as opposed to solely his 2023 income—and alternatively, had the ability to make findings of fact that Plaintiff's current income was "not credible, or [] otherwise suspect[,]" which would have permitted the trial court to use Plaintiff's 2023 income. *See Green*, 255 N.C. App. at 735; *Robinson*, 210 N.C. App. at 329. The trial court therefore erred in basing its award of alimony on Plaintiff's 2023 income without making the appropriate findings of fact. *See Green*, 255 N.C. App. at 734–35.

## 2. The Parties' Expenses

In addition to the lack of appropriate findings of fact as to Plaintiff's income, the trial court failed to make "findings of fact sufficiently specific to indicate that the court considered" the parties' expenses at the time of trial. *See Hunt*, 112 N.C. App. at 726–27 (citation and internal quotation marks omitted). The trial court made no findings of fact on the parties' expenses or as to their standard of living, only finding that the trial court "consider[ed] the financial affidavits filed by the parties" in determining that Defendant was the dependent spouse, and Plaintiff the supporting spouse, as set out in Findings of Fact 44 and 45. Because the trial court "must look at the parties' income and expenses in light of their accustomed standard of living[,]" in order to determine whether a spouse is a dependent spouse, and the trial court's order lacks any findings of fact as to their specific income or as to their standard of living, this Court cannot ascertain whether the trial court considered the *Williams* factors in making its award of alimony, and much less ascertain whether it abused its discretion in the amount awarded. *See Helms*, 191 N.C. App. at 24; *Hunt*, 112 N.C. App. at 726–27; *see also Wise*, 264 N.C. App. at 739; N.C.G.S. § 50-16.3(A)(b).

Accordingly, we vacate the trial court's award of alimony, and remand for further findings of fact as to Plaintiff's current income at the time of the order, or as to Plaintiff's prior year's income, so long as the trial court makes the requisite findings of fact that demonstrate Plaintiff's current income was "not credible, or [] otherwise suspect." *See Green*, 255 N.C. App. at 735. We further remand for specific

findings regarding the parties' expenses and accustomed standard of living. *See Hunt*, 112 N.C. App. at 726–27; *see also Wise*, 264 N.C. App. at 739.

### D. Child Support

Plaintiff next argues the trial court erred in calculating child support using incorrect income information. For the same reasons discussed previously, we agree.

"Upon appellate review, a trial court's determination of the proper child support payment will not be disturbed absent a clear abuse of discretion." *State v. Williams*, 163 N.C. App. 353, 356 (2004). "The trial court must, however, make sufficient findings of fact and conclusions of law to allow the reviewing court to determine whether a judgment, and the legal conclusions that underlie it, represent a correct application of the law." *Spicer v. Spicer,* 168 N.C. App. 283, 287 (2005).

Under N.C.G.S. § 50-13.4(c) (2023), the trial court "shall determine the amount of child support payments by applying the presumptive guidelines established pursuant to" N.C.G.S. § 50-13.4(c)(1). N.C.G.S. § 50-13.4(c). The trial court may deviate from the guidelines if,

> after considering the evidence, the Court finds by the greater weight of the evidence that the application of the guidelines would not meet or would exceed the reasonable needs of the child considering the relative ability of each parent to provide support or would be otherwise unjust or inappropriate[.]

N.C.G.S. § 50-13.4(c). In doing so, "the court shall make findings of fact as to the criteria that justify varying from the guidelines and the basis for the amount ordered." N.C.G.S. § 50-13.4(c).

"[A] party's ability to pay child support is ordinarily determined by his or her actual income at the time the award is made or modified." *Greer v. Greer*, 101 N.C. App. 351, 355 (1991); *see also Eidson v. Kakouras*, 286 N.C. App. 388, 403 (2022) ("It is well established that child support obligations are ordinarily determined by a party's actual income at the time the order is made or modified." (citation omitted)). Similar to the income requirements for alimony, "[a] person's *capacity* to earn income may be made the basis of an award if there is a finding that the party deliberately depressed his or her income or otherwise acted in deliberate disregard of the obligation to provide reasonable support for the child." *Greer*, 101 N.C. App. at 355–56.

Although this Court has provided that "a trial court may permissibly utilize a parent's income from prior years to calculate the parent's gross monthly income for child support purposes[,]" *see State ex rel. Midgett v. Midgett*, 199 N.C. App. 202, 208 (2009), when a trial court uses prior years' income, it must still make the appropriate findings of fact, *see Green*, 255 N.C. App. at 735; *see also Kaiser v. Kaiser*, 259 N.C. App. 499, 506 (2018) ("What matters in these circumstances is the reason *why* the trial court examines past income; the court's findings must show that the court used this evidence to accurately assess current monthly gross income.").

Here, for the same reasons discussed previously as to the trial court's award of alimony, we conclude the trial court erred in using Plaintiff's 2023 income to calculate Plaintiff's income for purposes of awarding child support without making the appropriate findings of fact. *See Green*, 255 N.C. App. at 735; *see also Greer*, 101 N.C. App. at 355. Accordingly, we vacate the trial court's order, and remand for additional findings of fact. We therefore do not reach the merits of Plaintiff's further argument regarding the child support guidelines.

**E. Pretrial Order**

Plaintiff finally argues that the trial court erred in ordering Defendant's equitable distribution affidavit to be treated as the pretrial order, and "refusing to allow [Plaintiff] to present evidence." For the following reasons, Plaintiff's argument is not preserved for appellate review.

Pursuant to the North Carolina Rules of Appellate Procedure, an appellant's notice of appeal "shall designate the judgment or order from which appeal is taken[.]" N.C.R. App. P. 3(d). "An appellant's failure to designate a particular judgment or order in the notice of appeal generally divests this Court of jurisdiction to consider that order." *Yorke. v. Novant Health, Inc.*, 192 N.C. App. 340, 347 (2008). This Court, however, "has recognized that even if an appellant omits a certain order from the notice of appeal, our Court may still obtain jurisdiction to review the order pursuant to" N.C.G.S. § 1-278 (2023). *Id.* at 348; *see* N.C.G.S. § 1-278. "Review under N.C.G.S. § 1–278 is permissible if three conditions are met: (1) the appellant must have timely

objected to the order; (2) the order must be interlocutory and not immediately appealable; and (3) the order must have involved the merits and necessarily affected the judgment." *Yorke*, 192 N.C. App. at 348 (citation and internal quotation marks omitted).

Here, Plaintiff has failed to meet the first requirement permitting review of the February 2024 Order. *See id.* at 348. In the trial court's order, the trial court found that: "[P]laintiff was not present, but was duly noticed[,]" and "[P]laintiff has failed to timely submit his equitable distribution affidavit pursuant to local rules[.]" As Plaintiff was not present at the hearing, and did not submit an equitable distribution affidavit prior to the hearing, Plaintiff did not raise a timely objection before the trial court and thus failed to preserve the issue for appellate review. *See* N.C.R. App. P. 10(a)(1) ("In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context."); *see, e.g., Kaylor v. Kaylor*, 296 N.C. App. 80, 88 (2024) (concluding that the defendant failed to preserve his argument for appellate review where the defendant had "failed to attend" multiple case review hearings and the equitable distribution trial, and "failed to offer an equitable distribution inventory affidavit at any point").

Accordingly, because Plaintiff did not timely object to the trial court's order, Plaintiff did not meet the first requirement to have the trial court's order reviewed

under N.C.G.S. § 1-278; as such, we dismiss Plaintiff's alleged error as to the February 2024 Order.  *See Yorke*, 192 N.C. App. at 347–48.

## IV. <u>Conclusion</u>

Upon review, we conclude: first, the trial court did not abuse its discretion in granting Defendant's Rule 60 motion because the Amended Order corrected only a clerical error in the Original Order; second, the trial court did not err in ordering a distributive award because Plaintiff's ability to pay the award can be ascertained from the Record; third, the trial court erred in awarding alimony where it failed to make findings of fact as to Plaintiff's income; fourth, the trial court erred in calculating child support where it failed to make findings of fact as to Plaintiff's income; and fifth, Plaintiff's argument concerning the pretrial order is not preserved for appellate review.  We therefore affirm the Rule 60 Order, affirm the Amended Order in part, vacate and remand the Amended Order as to alimony and child support, and dismiss Plaintiff's argument regarding the pretrial order.

AFFIRMED In Part, VACATED AND REMANDED In Part, and DISMISSED In Part.

Judges STADING and MURRY concur.